## In re GRIFFIN.

(District Court, N. D. Florida. January 4, 1924.)

1. Chattel mortgages ⬀194—Must be placed on record to be valid against general creditors.

Rev. Gen. St. Fla. 1920, § 3838, requires that chattel mortgages be placed on record in order to be valid, even as against general creditors of the mortgagor.

2. Bankruptcy ⬀161(1)—Chattel mortgage held "voidable preference" as to subsequent creditor.

A chattel mortgage, withheld from record until one day before filing of petition in bankruptcy, was voidable preference against those extending credit to the mortgagor after delivery and in ignorance of its existence, under Bankruptcy Act, § 60b (Comp. St. § 9644), in view of Rev. Gen. St. Fla. 1920, § 3838.

In Bankruptcy. In the matter of the estate of George Griffin, bankrupt. Petition by John Menas, mortgagee and claimant, for review of an order of the referee disallowing his claim as one secured. Report of referee affirmed.

J. McHenry Jones and L. L. Fabisinski, both of Pensacola, Fla., for trustee.

J. Moreno Coe and J. Leo Andersen, both of Pensacola, Fla., for claimant.

---

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SHEPPARD, District Judge. George Griffin, proprietor of Angelo's Café was adjudicated May 24, 1923, a voluntary bankrupt. John Menas asserted a, prior lien to certain furniture and fixtures by virtue of a mortgage recorded one day before the petition in bankruptcy. Menas, mortgagee and claimant, petitions this court for a review of the order. of the referee, disallowing his claim as one secured against the estate of the bankrupt. The claim is based upon a chattel mortgage on certain fixtures of the bankrupt, dated January 4, 1923, and recorded May 21, 1923, one day before the filing of petition in bankruptcy; the mortgagor having continued all the while in the actual possession of the property. The referee held that the recording of this mortgage was required by the law of Florida, and that the mortgage is a voidable preference under the Bankruptcy Act (Comp. St. § 9585–9656). The question submitted, therefore, is whether the mortgage asserted constituted a voidable preference under Bankruptcy Act, § 60b, which reads:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. * * *"

Section 3838 (as to the recording of chattel mortgages) Statutes of Florida (Rev. Gen. St. 1920), provides:

"No chattel mortgage shall be valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice unless it be recorded, or unless the property included in it be delivered to the mortgagee and continues to remain truly and bona fide in his possession."

[1, 2] Does not, then, the statute law of Florida require that the chattel mortgage from Griffin to Menas be recorded? It would appear, therefore, if withheld from record, it is a voidable preference as to those extending credit to the mortgagor after delivery and in ignorance of its existence.

It is contended for claimant that the word "creditor" in the statute means only lien creditor. There is a dearth of authority in this state on the subject. In Rogers v. Munnerlyn, 36 Fla. 591, 18 South. 669, the court held, in reference to mortgages on real estate, that the term "creditors" implied lien creditors. However, there is a distinction in the law as applied to realty and as applied to chattel property, and a wide distinction in the nature of the property itself; realty being tangible and at all times permanent, while personalty is continually changing ownership and locality, and of which mere possession constitutes prima facie ownership. Notwithstanding the language of the statute requiring record of transfers of both realty and personalty is substantially the same, is not the reason for notice more

impelling when it embraces chattel property? In Spellman v. Beeman, 70 Fla. 575, 70 South. 589, L. R. A. 1916D, 240, the court said:

"In this state our statute renders such failure by the mortgagee to take possession of the property or to record the instrument conclusive of its invalidity as to creditors. * * * 'The statute was designed to require publicity to be given to chattel mortgages for the protection of persons mentioned therein.' * * * The purpose and policy of the act was to protect one thus misled to his injury, just as if the first mortgagee and his mortgagor had contrived by a system of fraudulently concealing the security or lien, to induce others to extend to the mortgagor credit upon the faith of his apparently unincumbered property."

While it is true in the Spellman Case the right of a lien creditor only was involved, yet the discussion of the purpose of the statute by the court as being for the protection of general creditors illuminates the subject. Manifestly the intention of the Florida Legislature by this act was to protect general creditors, as well as lien creditors. The status of the lien creditor is so well fortified that he may protect himself, and it would not seem that this statute was intended exclusively for the benefit of creditors of that class. In view of the interpretation of similar recording statutes by other courts, it appears that the beneficent purpose of such statutes is sufficiently declared. The cases in which the question is discussed all point out the danger of permitting a mortgagee to withhold from record and public notice a mortgage security on personal property, while traders and creditors advance their goods and money on the faith of the apparent ownership of the mortgagor.

In the instant case the mortgage was not placed on record until the day previous to the bankruptcy petition. There is evidence that the mortgagor and mortgagee were intimate personal friends, and the mortgagee visited frequently the place of business of bankrupt. Furthermore, the record discloses that part of the mortgage indebtedness, $250, was not paid at the time promised; non constat, the mortgagee continued to withhold the mortgage from record. During this time creditors were continuing to extend credit to the bankrupt. Creditors were entitled to know that the fixtures and the visible assets of the merchant to whom they were advancing goods were embraced in the mortgage of bankrupt. This is the evil the recording statutes of Florida were intended to remedy.

In Re McCormick (D. C.) 279 Fed. 916, almost the identical proposition was before the court. The question in that case, although disposed of upon the ground of fraud, and not distinctly as a preference under section 60b of the Bankruptcy Act, the court was unqualifiedly of the opinion that the Florida statute required that chattel mortgages be placed on record in order to be valid even as against general creditors.

In Re Alden (D. C.) 233 Fed. 160, construing a statute requiring the recordation of chattel mortgages in order that they be valid against other parties, held that, where the mortgagee withheld from record a chattel mortgage until a few days before the filing of the petition, the recording of the mortgage was essential by the statute of the state and the unrecorded mortgage was a voidable preference.

Again, in Cutler v. Huston, 158 U. S. 423, 15 Sup. Ct. 868, 39 L. Ed. 1040, a like statute of Michigan was construed. There a chattel mortgage was made to a bank, but not recorded. A creditor, without knowledge of the mortgage, purchased a note of the mortgagor. After the purchase of the note by the creditor, the mortgage was placed on record. The Michigan statute provided:

"Every chattel mortgage which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged shall be absolutely void as against the creditors of the mortgagor. * * *"

The court held that, in consequence of the mortgagee's failure to record the chattel mortgage, it was void as to the purchaser of the note, who became such creditor prior to the recording of the mortgage. The term "creditor," in the statute, was there interpreted to include general creditors.

In Massachusetts Bonding & Ins. Co. v. Kemper, 220 Fed. 849, 136 C. C. A. 593 (C. C. A. Sixth Circuit), the statute of Ohio, which is almost in the same language of the Florida statute, was under review. The Ohio statute provided that a chattel mortgage—

"not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, * * * unless the mortgage, or a true copy, * * * be forthwith deposited." Gen. Code, § 8560.

In that case the bonding company held a chattel mortgage on personal property of the bankrupt. It was not recorded. Shortly before adjudication in bankruptcy of the mortgagor, the bonding company took actual possession of the property. The court held that the Ohio statute required that the chattel mortgage be recorded, and that under the statute it was void as to creditors in the bankruptcy proceeding.

In Meyer Bros. Drug Co. v. Pipkin, 136 Fed. 396, 69 C. C. A. 240, the Circuit Court of Appeals, Fifth Circuit, following the construction of a similar statute by the Texas Court of Civil Appeals, held that it was not an instrument required by law to be recorded as between the parties themselves or general creditors. This decision of our Circuit Court of Appeals, which might otherwise be controlling, is based on the local law of Texas, and the highest court of that state had settled the law that the term "creditor" in the Texas statute meant only lien creditor. The Circuit Court of Appeals was foreclosed by the Texas court's construction.

There is conflict among the authorities on this question, as indicated in the cases noted. There is no precedent in Florida on the subject, other than discussion by the Supreme Court of the principle involved. It seems to the writer that the better reasoning and the rule most conducive to justice would be that the Florida statute intended to protect general creditors, as well as lien creditors. Undoubtedly the weight of authority in the well-considered cases sustains the conclusion that the Florida statute, which provides, "No chattel mortgage shall be valid * * * against creditors or subsequent pur-

chasers * * * unless * * * recorded, * * * " is intended for the protection of general as well as lien creditors, and is one required to be recorded in this state.

The report of the referee, holding the mortgage a voidable preference, and disallowing it as a secured claim, must be affirmed.