NASH MIAMI MOTORS, INC., a Florida Corporation, and PETER
  CURTIS v. LOUIE BANDEL, as Receiver for the A. A. AUTO
  SALES-RENTALS, INC., GENERAL ACCEPTANCE CORPORA-
  TION and SID RISER.

37 So (2nd) 366                                    June Term, 1948
November 2, 1948                               Special Division A
Rehearing denied December 4, 1948

*Daniel L. Ginsberg,* for petitioners.

*Louis Bandel* for receiver, *Mallory H. Horton* for General
Acceptance Corporation, and *George S. Okell* for Sid Riser,
respondents.

HOBSON, J.:

On May 5th, 1948, the Respondent, General Acceptance
Corporation, filed a bill of complaint in the Circuit Court,
Dade County, Florida, against A. A. Auto Sales-Rentals, Inc.
and others wherein it was alleged that A. A. Auto Sales-

Rentals, Inc. was indebted to the respondent, General Acceptance Corporation, by virtue of certain floor plan chattel mortgages covering numerous automobiles given as security for said indebtedness to the Respondent. The defendant A. A. Auto Sales-Rentals, Inc. is a used car dealer in the City of Miami, Florida.

The bill of complaint alleges that the chattel mortgages sought to be foreclosed were duly filed for record in the office of the Clerk of the Circuit Court, Dade County, Florida.

On May 5th, 1948, a Receiver was appointed for the defendant, A. A. Auto Sales-Rentals, Inc. and the Receiver immediately went into and took possession of the defendant's used car business.

On the 7th day of May, 1948, the Petitioner filed its petition for the return of four automobiles which had been taken by the Receiver following his appointment. The petition was set down for hearing before the Court on the 11th day of May, 1948, and at the same time the Receiver filed his petition for a confirmation of the sale of all of the automobiles on the defendant's lot, including the four claimed by the petitioner. The Court denied the petitioner's claim to the four automobiles and confirmed the Receiver's sale for the sum of $14,-375.00 covering nineteen automobiles.

The Respondent, General Acceptance Corporation, has never made any claim of interest in two of the four automobiles alleged to have been owned by the Petitioner. However, the Respondent did claim a lien upon two of these automobiles by virtue of floor plan chattel mortgages executed to it by the A. A. Auto Sales-Rentals, Inc. A petition for rehearing was filed on June 3rd, 1948, by Nash Miami Motors seeking a rehearing of its original petition claiming the four cars sold by the Receiver.

There appears to be no dispute concerning the fact that the petitioner placed the four automobiles in question which it claimed to own in the custody and on the used car lot of the defendant A. A. Auto Sales-Rentals, Inc., with no transfer of title having been made to A. A. Auto-Rentals, Inc., and no

evidence of a lien having been given by A. A. Auto Sales-Rentals, Inc. to the petitioner.

On the 14th day of May, 1948, petition for rehearing on behalf of the petitioner was granted insofar as it pertained to a priority of claim on two automobiles and as to the other two automobiles claimed by the petitioner, its request was denied.

There was also an order entered on July 12th, 1948, by the Circuit Court enjoining the petitioner from pursuing certain actions in the Civil Court of Record to replevin the automobiles in question from Trail Motor Sales, the purchaser, from the Receiver.

The Petitioners are asking this Court to review the order of July 12th, 1948, in the nature of an injunctive order and the order of July 14th, 1948, denying the petitioners' claim to a priority on two of the four automobiles in question.

It is contended by Respondents that where an owner entrusts an automobile to a dealer with implied authority to sell but with title reserved in the owner until the payment of the purchase price, a purchaser or creditor for value without notice receives a good title or valid lien as against the owner. We agree, in part, with their position.

Had the A. A. Auto Sales-Rentals, Inc. sold the four automobiles in question the purchaser for a valuable consideration without notice of the terms or conditions of the original delivery of the cars to A. A. Auto Sales-Rentals, Inc., would have obtained a good title as against the original owner Nash Miami Motors, Inc. See Glass v. Continental Guaranty Corporation, 88 So. 876, 81 Fla. 687. However, the two automobiles in question here were not sold to General Acceptance Corporation. On the contrary, General Acceptance Corporation loaned money to A. A. Auto Sales-Rentals, Inc., and secured from said corporation a lien represented by floor plan chattel mortgages. A. A. Auto Sales-Rentals, Inc., under authority of the Glass case, supra, in view of all existing conditions, had the implied authority to sell the automobiles which had been delivered to it by Nash Miami Motors, Inc. but there is no principle of law with which we are familiar which,

under the circumstances, would give to A. A. Auto Sales-Rentals, Inc. the implied authority to encumber said personal property.

This Court in the case of Glass v. Continental Guaranty Corporation, supra, said: "The mere possession of personal property is only prima facie evidence of title . . . . . . . But where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell but with title reserved in the owner until the payment of the purchase price, a purchaser who pays value for such goods *and gets possession thereof* without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title." (Underscoring supplied)

The principle above enunciated appears to be a modification of the old common law rule to the effect that a sale in market overt confers a title upon a bona fide purchaser, though the seller had no title whatever. Both principles are predicated upon the theory that a dealer selling any specific type or types of personal property is known to the public generally, including those from whom he secures his stock, as one who sells openly to any prospective purchaser the goods and chattels in which he deals. Because of this a person purchasing such personalty should not be confronted with the task of ascertaining his title or authority to sell. It does not appear logical to extend such implied authority to sell to authority to encumber. It is one thing for a person to purchase and take possession of personal property under such circumstances and in so doing to be relieved of investigating the right of the dealer to sell; but it is another and different thing for one to advance money upon the strength of a lien on such personal property without investigating the express or actual authority, if any, of the dealer to encumber the chattels. The commonly known and primary business of A. A. Auto Sales-Rentals, Inc. is the sale of used cars. If it encumbers its stock such action is incidental to its real business

and is not a matter of such common knowledge as to justify implied authority to encumber property which has been consigned or delivered to it for sale.

It is our opinion that there was a duty upon the Respondent, General Acceptance Corporation, to have investigated the authority of A. A. Auto Sales-Rentals, Inc. to give a valid lien upon the automobiles in question. It would have been a simple matter for said respondent to have ascertained who held the legal title to said automobiles, by inquiry made to A. A. Auto Sales-Rentals, Inc. or to have secured such information from the office of the State Motor Vehicle Commissioner. It follows that the principle of law relied upon by respondent, that where one of two innocent parties must suffer through the act or negligence of a third party the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss, cannot be invoked by General Acceptance Corporation, respondent herein.

The petition for writ of certiorari should be and it is hereby granted and the challenged orders reversed with directions to the lower court to proceed with this case in a manner not inconsistent with this opinion.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.