47 So.2d 701 (1950)
NASH MIAMI MOTORS, Inc., et al.
v.
BANDEL et al.
Supreme Court of Florida, Division B.
July 18, 1950.
Rehearing Denied September 11, 1950.
*702 Daniel L. Ginsberg, Miami, for petitioner.
Mallory H. Horton and George S. Okell, Miami, for respondents.
HOBSON, Justice.
This is the third time the instant suit has been brought here on petition for certiorari. In its first appearance, (160 Fla. 925, 37 So.2d 366), Nash Miami Motors, Inc. represented that it was the owner of four certain automobiles which had been placed, without transfer of titles, on the used car lot of A.A. Auto Sales-Rentals, Inc. We held that the A.A. Auto Sales-Rentals, Inc. might have sold the four automobiles to any purchaser for a valuable consideration without notice of the terms or conditions of the original delivery of the cars to A.A. Auto Sales-Rentals, Inc. and that such purchaser would have obtained a good title as against the owner, Nash Miami Motors, Inc. However, we further held that General Acceptance Corporation which loaned money to A.A. Auto Sales-Rentals, Inc., and secured a lien represented by floor plan chattel mortgages without investigating authority of A.A. Auto Sales-Rentals, Inc. to encumber the automobiles, had no lien as against the owner.
The second time the case was before us on petition for certiorari the petition was denied. 41 So.2d 904.
The case finally came on for hearing before a Special Master and at the hearing counsel for Nash Miami Motors Inc. attempted to prove his client's ownership of the four automobiles. Mr. Burton Ginsberg testified that on or before April 30, 1948, Nash Miami Motors, Inc. was the owner of the four automobiles. Mr. Engelsberg, of counsel, offered four certificates of title in evidence. Mr. Horton, representing General Acceptance Corporation, objected to the introduction of said certificates of title on the ground that Nash Miami Motors, Inc. was not shown by said certificates to be the owner of the motor vehicles. The certificates of title were endorsed in blank. The Special Master ruled that the title certificates were not admissible in evidence and sustained the objection to their introduction. Thereafter other testimony was taken but it was confined solely to the question of value of each of the automobiles.
The Special Master filed his report in which he found, among other things, that Nash Miami Motors, Inc. did not prove by competent evidence that it was the owner of the four motor vehicles in question. Nash Miami Motors, Inc. filed exceptions to the Master's report which were overruled. It is this order overruling the exceptions to the Master's report which petitioner requests us to review.
The record discloses that Nash Miami Motors, Inc. received possession of the four automobiles on or about May 1, 1948. These automobiles had been procured from purchasers of new cars as trade-ins thereon. The owners of these cars who purchased new cars delivered to the petitioner, Nash Miami Motors, Inc., certificates of title and they endorsed them in blank. Apparently, Nash Miami Motors Inc., failed to comply with the provisions of Section 319.03, Florida Statutes, 1941, F.S.A., in that it did not within ten days after its purchase present the certificates to the State Motor Vehicle Commissioner and receive from such Commissioner new certificates of title as assignees of the original certificates. The latter certificates had been procured by compliance with Section 319.02, Florida Statutes, 1941, F.S.A.
Although none of the respondents filed a brief in this case, evidently it is their position, or the position of some of them, that because of the failure of Nash Miami Motors, Inc. to comply with the provisions of Section 319.03, Florida Statutes, 1941, F.S.A., it is precluded from proving that it is the owner of the four automobiles. Section 319.03, Florida Statutes, 1941, F.S.A., does not preclude the person who has failed to comply with its provisions from proving ownership of an automobile. The only penalty provided in the statute is as follows: "For failure of [said] purchaser, transferee or assignee to *703 make application within ten days, as aforesaid, he shall be considered to be driving a motor vehicle without a certificate of title and, upon conviction thereof, shall be fined not less than five dollars nor more than fifty dollars."
The foregoing statute does not expressly provide that an owner of an automobile forfeits his ownership by failing to comply with the provisions of said statute; nor should such a forfeiture be implied. The law does not favor, and equity abhors, a forfeiture.
We cannot subscribe to the view that the owner of an automobile should be held to have lost his property, or should be precluded from showing that he does in fact own it, simply because he did not within ten days after the purchase present the assigned certificate to the State Motor Vehicle Commissioner as required by Section 319.03, Florida Statutes, 1941, F.S.A. Moreover, a registered certificate of title is not, in all cases, conclusive proof of ownership. It invariably establishes presumptive ownership but such presumption may be overcome by competent evidence.
Petitioner raises several other questions but we consider only one of them properly before us for determination. That question is, whether the Chancellor erred in failing to appoint "a new Special Master" as requested in a special motion and in petitioner's exceptions to the Special Master's report. The Special Master, Louie Bandel, was appointed receiver in this case and was acting as such at the time he was appointed Special Master. We do not find the Chancellor abused his discretion in appointing the receiver as Special Master because in each capacity he is acting only in the place and stead of the Court and is not presumed to be partisan. The fact that he was threatened with a lawsuit which the petitioner contemplated filing against him does not alter the case. He had not been sued and was not a party to this controversy but was only interested in connection with his duties as receiver. Indeed, it was not necessary that he be sued in a separate action for he, as receiver, has always been under the direction and control of the Chancellor, who likewise has jurisdiction of the claim of the petitioning intervenor.
We hold that the Chancellor erred in failing to sustain the exceptions to the Master's report. He should have sustained the exception to the Master's ruling on the objection to the introduction of the certificates of title for, otherwise, it appears by the record that the four automobiles in question were delivered to Nash Miami Motors, Inc. at or about the time that the certificates of title were delivered to it and assigned in blank. The certificates might not be evidence of ownership in and of themselves because of the blank endorsements but they are admissible in evidence (when offered as a step in the proof of ownership) and should be considered in connection with other competent evidence in determining the real owner of the automobiles.
We further hold that the Chancellor did not abuse his sound judicial discretion in refusing to appoint another Master in the place and stead of Louie Bandel.
The petition for certiorari is granted and the challenged order is quashed with directions to the Chancellor to sustain the exceptions to the Master's report and thereafter to allow further proceedings to the end that if the evidence in its entirety establishes ownership in Nash Miami Motors, Inc. of the automobiles involved in this controversy as of a date prior to delivery of said cars to A.A. Auto Sales-Rentals Inc., the Chancellor should enter a final decree in favor of Nash Miami Motors Inc. for the value of said automobiles as we contemplated he should do when we rendered our opinion in Nash Miami Motors, Inc. v. Bandel, etc., 160 Fla. 925, 37 So.2d 366, if upon final hearing said intervenor should sustain the allegations of his petition. When the sum which represents the value of the automobiles is determined the Chancellor, before entering final decree, should deduct from such sum the amount of money which may have been paid to Nash Miami Motors, Inc. by A.A. Auto Sales-Rentals, Inc., or by anyone on its behalf, for the equitable interest in the automobiles which may have *704 been acquired by A.A. Auto Sales-Rentals, Inc.
The petition is granted and the order quashed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.
CHAPMAN, Justice (concurring).
The ownership of a motor vehicle may be reflected by a certificate of title issued under the provisions of Chapter 319, F.S.A. See our holding in the recent case of Wells v. Eville, Fla., 41 So.2d 147.