TERRELL, Justice.
Appellant as complainant filed bill of complaint to foreclose a chattel mortgage describing a flock of automobiles claimed by appellees as defendants. The sworn bill of complaint prayed for a receiver, which was granted. The receiver took 19 automobiles in custody. Defendants filed petition, seeking to have four of them released. The receiver then filed his report, admitting possession of all the automobiles, and advised the court that he had an offer to purchase them for $14,375. The chancellor authorized the receiver to accept the offer. Appellees were permitted to intervene for the purpose of establishing a lien on the funds in the hands of the receiver for the value of two of the automobiles alleged to be worth $1600. An order for partial distribution was entered whereby General Acceptance Corporation received $9000 from the receiver and the cause was referred to a Master who took testimony and made his report. Exceptions to the Master’s report were filed and overruled. On appeal by certiorari the exceptions were sustained.
When the cause was returned to the trial court, Special Master was appointed and like proceedings took place resulting in a judgment for appellee Nash Miami Motors, Inc., in the sum of $3894.92. The receiver was ordered to pay appellees $2436.17. On consideration petition for rehearing was denied; exceptions to the Master’s report were sustained, and final decree for the balance of the judgment was entered in favor of appellee, Nash Miami Motors, Inc. and against appellant, General Acceptance Corporation. We are confronted with an appeal from the latter decree. It will thus be observed that this is the fourth appearance of the case here. See (1) Nash Miami Motors, Inc., v. Bandel, 160 Fla. 925, 37 So.2d 366; (2) 41 So.2d 904; (3) 47 So.2d 701 for previous appearances.
Several questions are urged for our consideration, but we do not think it necessary to explore them at this time because the law of the case was settled in cases (1) and (3) last cited. In fact, case (3)- appears to conclude the questions raised in this case. We have carefully considered the record and we think the chancellor made a studied effort to follow the decisions and the instructions of this Court, despite the implication that he failed to do so.
It is our conclusion that his judgment should be and is.hereby affirmed.
Affirmed.
SEBRING, C. J., and ROBERTS, J., and WHITE, Associate Justice, concur. '