MURRAY et al.

v.

G. F. C. CORP.

No. 14861.

United States Court of Appeals
Fifth Circuit.

June 30, 1954.

Chester Bedell, C. Harris Dittmar, Jacksonville, Fla., Bedell & Bedell, Jacksonville, Fla., of counsel, for appellant.

Elliott Adams, Jacksonville, Fla., McCarthy, Lane & Adams, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

The suit was for debt and foreclosure of chattel mortgages and for an accounting as to the indebtednesses, the chattel mortgages, and the automobiles described in the complaint.

The claim was: that J. C. Lockett was indebted to plaintiff in several sums, evidenced by described promissory notes, each executed and delivered on the date named in it; that to secure payment of each of said notes he had executed and delivered to plaintiff a chattel mortgage on the motor vehicle described therein; that a check of Lockett's place of business had disclosed that, of the motor vehicles secured by its mortgages, certain of them described in paragraph six of the complaint had been removed by Lockett without accounting to the plaintiff therefor; that it was informed and believed that Lockett had transferred the said vehicles to the other defendants named and that they claimed some kind of interest therein.

The prayer was that the defendants be required to state the claims, if any they have, to the vehicles and account to plaintiff for any that they have disposed of, and that plaintiff have judgment for its debt and for the foreclosure of its mortgages.

The defendant Lockett, answering, admitted his indebtedness and the execution of the chattel mortgages, but denied that he had removed any of the vehicles without plaintiff's consent and that any of the defendants were holding any of the vehicles claimed by them in trust for him.

The defendants Murray, Sager, and Patterson put plaintiff on proof of the allegations of its complaint and in addition alleged the facts surrounding their dealings with Lockett and their claims in respect of the fifteen automobiles admittedly transferred by Lockett to them.

The parties stipulated upon a sale of twelve of the automobiles in controversy and deposited the proceeds in the registry to await the decision, and the issues tendered were tried to the court on the

depositions and the documentary evidence.

The district judge made detailed findings of fact and conclusions of law.[1] Based upon these findings and conclusions, he decreed payment to the plaintiff of the deposited funds to be credited on Lockett's indebtedness and gave a deficiency judgment for the balance against Lockett.

Sager, Patterson, and Murray, appealing from the judgment, are here making five contentions against it.[2]

Of these contentions, Nos. 1 and 2 deal with all, No. 3 deals with eight, No. 4 with five, and No. 5 with one of the cars involved.

Appellee meets these contentions head on, insisting that the findings and conclusions of the district judge to the contrary are correct and should be sustained throughout.

■ As to the first contention, appellee urges upon us that the provisions of the statute appellants rely on with respect to priorities between an unrecorded mortgage and creditors or subsequent purchasers are not different from those of any other Florida recording act, and there is no reason to construe this statute as intended to have, or as having, the effect of changing the Florida rule of long standing that the lien of an unrecorded mortgage is prior in right to the rights of a general creditor who has not obtained a lien upon the mortgaged property.[3]

The district judge in a diversity case has so construed the statute, and, in the absence of authoritative decisions of the

---

1. In substance he found: that G.F.C. held a valid mortgage lien upon each of the motor vehicles, although it did not record its chattel mortgages or have the liens thereof noted on the certificates of title for the motor vehicles; that the plaintiff's lien for each of the chattel mortgages "was granted for a new consideration in each instance"; and that the defendants, Murray, Sager and Patterson, were general creditors of Lockett. He concluded that plaintiff was a good faith purchaser for value, without notice, of the mortgage liens purportedly granted by its mortgages upon the motor vehicles; that these liens were valid and subsisting and superior to any claim of the defendants, Murray, Patterson and Al Sager Motors, Inc., as purchasers or otherwise.

2. *First and Prime Contention:* G.F.C.'s liens were invalid as against Murray, Patterson and Sager, by reason of Sec. 319.27(2), Florida Statutes, 1951, F.S.A., providing:

   "Any mortgage, * * * covering a motor vehicle required to be registered, if a notation of the lien or encumbrance has been made by the commissioner on the face of the certificate of title for such vehicle, shall be valid as against the creditors of the mortgagor whether armed with process or not * * * but otherwise shall not be valid against them",

   it being undisputed, and the district judge having found that G.F.C.'s liens were not noted on the title certificates, and that Murray, Patterson and Sager were

   creditors of the mortgagor, Lockett.

   *Second Contention:* Appellants are entitled to a more preferred status than that of general creditors by reason of the fact, undisputed, that they lawfully, and in good faith, obtained possession of the motor vehicles and clear certificates of title thereto in Murray's name before receiving actual or constructive notice of G.F.C.'s liens.

   *Third Contention:* G.F.C.'s secret, unnoted liens on automobiles 1 through 7, and 15, were invalid as against appellants, by reason of appellants being subsequent creditors, the evidence conclusively showing that appellants' claims arise out of credit extended Lockett subsequent to the execution of the mortgages granting G.F.C.'s liens on those automobiles.

   *Fourth Contention:* G.F.C.'s liens on automobiles 8 through 12 were invalid as against appellants, by reason of Lockett's title to such automobiles being voidable at the instance of appellants, Lockett having obtained the same from appellants without making payment therefor, and G.F.C. having failed to prove that it was an intervening bona fide purchaser for value and without notice.

   *Fifth Contention:* G.F.C.'s lien on automobile 15 was invalid as to appellant Murray, it being undisputed that this car was never owned by Lockett, but was held by Lockett on consignment for sale from Murray.

3. McEwen v. Larson, 136 Fla. 1, 185 So. 866; Rogers v. Munnerlyn, 36 Fla. 591, 18 So. 669.

Florida courts construing it to the contrary, we are of the opinion that the construction given it by the district judge was the correct one.

■ Appellants' contention No. 2, may be as briefly disposed of by pointing to the fact that while it is true that appellants did obtain possession of the cars without knowledge of G. F. C.'s lien, they were mere general creditors of Lockett when they did so, and they took the cars without advancing any present consideration and in satisfaction of a preexisting indebtedness.

To allow this contention that a general creditor who acquires possession of chattels without knowledge of its existence is prior in right to an unrecorded chattel mortgage would be inconsistent, we think, with the Florida rule that cancellation of an antecedent indebtedness is not a sufficient consideration to constitute such creditors good faith purchasers for value.[4]

Having thus disposed of, adversely to appellants, the contentions embracing generally all the cars, we take up to consider in their order the three contentions, each involving less than all of the cars.

Contention No. 3 is based upon the fact that appellants' claims to cars one through seven and fifteen arise out of their extensions of credit to Lockett on and after the execution of appellee's mortgage thereon, and the claim that appellants were therefore subsequent creditors, and upon the further fact that contrary to the district judge's finding that "none of the defendants * * * changed their positions irrevocably in reliance upon the lack of record" of the G. F. C. mortgages, credit was extended to Lockett which would not have been extended if the mortgages had been recorded, and upon two federal district court decisions, In re McCormick, D.C., 279 F. 916 and In re Griffin, D.C., 294 F. 296, which appellants claim support their view.

To this contention appellee correctly replies: that, if allowed, it would place a simple creditor in a better position than a mortgage creditor and thus nullify G. F. C. mortgages simply because they were unrecorded, when the settled law of Florida accords full protection to an unrecorded mortgage as between the parties and as to all persons except lien creditors for a present consideration,[5] and that to the extent, if any, that the cited district court decisions hold to the contrary, they are in conflict with the decree in this case and the settled law of Florida, and are wrong.

■ Appellants' contention No. 4 is that since cars eight through twelve were sold and delivered to Lockett by appellants but were not paid for and were taken back from him in satisfaction of this debt before notice of appellee's lien was received by them, appellants have an equity superior to appellee's mortgages in this, that the checks Lockett gave appellants for the cars were worthless and Lockett did not have title to the cars when he gave the mortgages. It is undisputed that the cars were sold to Lockett on credit. The law is to the contrary of appellants' contention. Note 5, supra.

■ They also contend as to these cars: that, though the district judge found that "plaintiff was a good faith purchaser for value without notice, and the G. F. C. mortgages were granted for a new consideration in each instance", no evidence was offered by it which would support these findings, and the appellee did not attempt to show that its mortgages upon these five cars were given to secure repayment of any monies loaned or advanced contemporaneously on the strength of Lockett's possession; and that for aught that appears, they were security for a preexisting indebtedness which would prevent G. F. C. from being regarded as a good faith purchaser, 46 Am.Jur., p. 645. Pointing out that estoppel is the foundation of G. F. C.'s

---

4. Zachary Veneer Co. v. Engelken, 136 Fla. 89, 186 So. 813.

5. Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, 25 A.L.R. 312; Nash-Miami Motors v. Bandel, 160 Fla. 925, 37 So.2d 366.

claim to these five cars, 18 A.L.R.2d 830, and as bona fide purchaser, in order to obtain title, it must, in making the purchase, have relied on the evidence of title vested in his vendor, 55 C.J. 639, 77 C.J.S., Sales, § 295, pp. 1107, 1108, they urge upon us that, G. F. C. having failed to make any such proof, its mortgages as to these cars fail.

Appellee, in reply, invokes Section 52.-08 and Section 674.27, Florida Statutes of 1951, F.S.A., providing that it is unnecessary to allege and prove consideration and that every negotiable instrument is presumed to have been issued for a valuable consideration. It does not, however, point to any specific evidence that G. F. C. was a good faith purchaser for a present consideration.

We do not think, though, that such proof was necessary as to these cars. For, since, under the undisputed evidence, the delivery was conditioned upon payment of checks which proved worthless, title to the cars passed to Lockett, the burden was on those attacking the mortgages to show that they were invalid, and no proof of any kind tending to show this was offered.

■ Appellant Murray's last point deals with car No. 15, and is based upon the claim: that the undisputed evidence showed, and the district judge found, that this car was never owned by Lockett but was held by him on consignment for sale only; and that the evidence showed that Lockett did not receive the certificate of title to the car nor any other evidence of ownership upon which the claim of estoppel could be based.

In support of his position, Murray cites Nash Motors v. Bandel, 160 Fla. 925, 37 So.2d 366, and Tropical State Bank v. Sunshine Motor Co., 137 Fla. 703, 188 So. 595.

Appellee's only reply is that by Section 319.21, Florida Statutes of 1951, F.S.A., Lockett was not required to have a title certificate and the appellants' agent, Mr. Keyes, testified that Lockett received sufficient indicia of title to permit him to obtain a title certificate in the name of the purchaser from him. In addition, appellee relies on Glass v. Continental, 81 Fla. 687, 88 So. 876, holding that when one consigns personal property to a dealer in such goods with express or implied authority to sell, deliver, or consign, a good faith purchaser from the consignee, who pays value for such goods, will generally prevail over the owner's title. He relies, too, on Spellman v. Beeman, 70 Fla. 575, 70 So. 589, L.R.A.1916D, 240, holding that the second of two chattel mortgages is prior in right to the first if the first is unrecorded.

These suggestions are all interesting, but we need not discuss the questions they raise, for we are of the opinion that, in the state of the proof, there is no sufficient showing of good faith purchase to raise an estoppel against Murray and the equities as to this car are with him.

The judgment is affirmed as to all of the cars except Car 15. As to that car it is reversed with directions to amend the judgment in accordance with the opinion. Costs of the appeal to be divided equally.