This is an appeal from a final decree dated September 13, 1956 entered in a chancery action by Boynton Beach State Bank against R.W. Buckner and others and J.I. Case Company to foreclose a chattel mortgage. The decree was based on an order granting plaintiff's motion for summary decree against the Buckners and granting J.I. Case Company's motion for summary decree against the plaintiff.
The complaint alleged that plaintiff claimed a lien under a chattel mortgage given by the Buckners on certain personal property owned by them. An answer was filed by the J.I. Case Company alleging that it was the owner of six certain tractors described in said mortgage by virtue of a retain title contract between the said Company and the Buckners.
The able Circuit Judge entered an order on the motions of the parties for summary decree, which, omitting formal parts, read as follows:
 "It Is Ordered and Adjudged that plaintiff's motion, filed August 6, 1956, for summary decree, is granted as to the defendants, R.W. and G.A. Buckner, and is denied as to the defendant, J.I. Case Company; that the motion of defendant, J.I. Case Company, filed August 15, 1956, for summary decree, is granted. It seems to the Court that the dispute between plaintiff bank and defendant, J.I. Case Company, is controlled by principles stated in Nash [Miami Motors] v. Bandel, 160 Fla. 925, 37 So.2d 366, and that defendant's claim is superior to that made by plaintiff. Final decree will be considered by the Court upon notice to all parties."
In the case of Nash Miami Motors, Inc. v. Bandel, supra [160 Fla. 925, 37 So.2d 367], referred to in the above order, the court in its opinion said:
 "(1) Had the A.A.Auto Sales-Rentals, Inc., sold the four automobiles in question the purchaser for a valuable consideration without notice of the terms or conditions of the original delivery of the cars to A.A.Auto Sales-Rentals, Inc., would have obtained a good title as against the original owner Nash Miami Motors, Inc. See Glass v. Continental Guaranty Corporation, 81 Fla. 687, 88 So. 876, 879, 25 A.L.R. 312. However, the two automobiles in question here were not sold to General Acceptance Corporation. On the contrary, General Acceptance Corporation *Page 635 
loaned money to A.A.Auto Sales-Rentals, Inc., and secured from said corporation a lien represented by floor plan chattel mortgages. A.A.Auto Sales-Rentals, Inc., under authority of the Glass case, supra, in view of all existing conditions, had the implied authority to sell the automobiles which had been delivered to it by Nash Miami Motors, Inc., but there is no principle of law with which we are familiar which, under the circumstances, would give to A.A.Auto Sales-Rentals, Inc., the implied authority to encumber said personal property.
 "(2) This Court in the case of Glass v. Continental Guaranty Corporation, supra, said: `The mere possession of personal property is only prima facie evidence of title * * *. But where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment, or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title.' (Emphasis supplied.)
 * * * * * *
 "(3) It is our opinion that there was a duty upon the respondent, General Acceptance Corporation, to have investigated the authority of A.A.Auto Sales-Rentals, Inc., to give a valid lien upon the automobiles in question. It would have been a simple matter for said respondent to have ascertained who held the legal title to said automobiles, by inquiry made to A.A.Auto Sales-Rentals, Inc., or to have secured such information from the office of the State Motor Vehicle Commissioner. * * *"
The appellant contends that it made such investigation of the title of the Buckners prior to its chattel mortgage which was necessary to comply with the decision of the Supreme Court in the case of Nash Miami Motors, Inc., v. Bandel, supra.
One, J.W. Gilbert, in an affidavit in support of plaintiff's motion for a summary decree, stated:
 "`That he is Cashier of Boynton Beach State Bank; that on January 13, 1956, and for some time prior thereto, he was Assistant Cashier of said bank; that prior to January 13, 1956, he went to the premises of Buckner Tractor Equipment Co. to examine certain chattels which said company had offered to Boynton Beach State Bank as security for a loan of $20,000.00; that he checked said chattels and found them to be on the premises; that R.W. Buckner told him that the company owned all of said chattels freely and completely; that throughout the negotiations for and the consummation of said loan, it was the understanding of the deponent that the titles to said chattels was in the company and there was never any indication of any right, title or interest in and to said titles of J.I. Case Company, or any other person or corporation made or given.'"
It is apparent that the lower court did not consider the investigation made by the plaintiff bank sufficient to defeat the interest of the conditional vendor. A reading of this affidavit shows that about all the investigation made by the Bank was to check the showroom of the tractor and equipment company to see if the itemized tractors were on the floor and to question the Buckners as to their title. This was not sufficient. It would seem that ordinary prudence would have dictated that the Bank's representative require the Buckners *Page 636 
to tell from whom they had obtained the property, J.I. Case Company in this case, and then ascertain from the proper representative of said company whether or not it retained any interest in the property.
We are of the opinion that the lower court should be affirmed.
Affirmed.
KANNER, C.J., and SMITH, CULVER, A.J., concur.