**In re Robert Clyde COLLINS, Jr., a/k/a Clyde Collins,**

**and**

**Bonnie Sharron Collins, a/k/a Sharron Collins, a/k/a Sharron Penn, husband and wife, Debtors.**

**Bankruptcy No. 79–07100.**

United States Bankruptcy Court, N. D. Florida, Tallahassee Division.

May 14, 1980.

Neil H. Butler, Tallahassee, Fla., for debtors.

C. Edwin Rude, Jr., Tallahassee, Fla., for trustee.

## OPINION

N. SANDERS SAULS, Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Trustee's application to determine the status of title to certain property. The undisputed facts are as follows: On or about May 9, 1978, the Collins purchased a 1978 Randall Craft Bass Boat, a 55 h.p. Johnson motor, and a boat trailer, and gave a note and security agreement to the Barnett Bank of Tallahassee. Approximately two (2) months later, the Collins sold the boat, motor and trailer to Mr. Branch, by oral agreement, whereby Mr. Branch agreed to assume and pay the debt to Barnett Bank. Delivery of the boat was made, and Mr. Branch has since made all payments on the boat. Apparently, the Bank was notified of and agreed to the sale and assumption of the loan.

The Bank held the certificate of title on the boat (the motor and trailer were not included) and had its lien recorded on the face thereof. A new certificate of title however, was never caused to be issued to transfer record title from the Collins to the name of Mr. Branch.

The Collins filed this case on October 24, 1979, and listed the debt to the Bank for the boat as a secured obligation. The boat was scheduled as property with no value.

The evidence presented here establishes that the Collins intended to and did sell the property to Mr. Branch almost a year and a half prior to their bankruptcy petition. Mr.

Branch took delivery of the property and has made regular, periodic payments since then. The Court has concluded, therefore, that title passed to Mr. Branch at the time he took possession of the property in question.

The Trustee's position is that Florida is a title certificate state with respect to motor vehicles (Chapter 319, Florida Statutes) and boats (Chapter 371, Florida Statutes) and hence no title can pass as against creditors or subsequent purchasers until a certificate of title has been duly issued in accordance with Florida law. Of course, absent any such specific statutory requirements the applicable section of Florida's version of the Uniform Commercial Code (U.C.C.) would govern. Section 672.401, Fla.Stat. (1979) provides that title passes

". . . at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place."

But, if some type of title certificate registration is required then a prior intended transaction may be invalid as against a trustee under § 541(a), United States Code, or voidable under § 544(a). Section 541(a) is the new statutory version of § 70(a) under the old Act and § 544(a) is the new counterpart of old § 70(c).

The parties have cited cases involving motor vehicles. *Nash Miami Motors v. Bandel*, 47 So.2d 701 (Fla.1950); *Grimm v. Prudence Mutual Casualty*, 243 So.2d 140 (Fla. 1971); *Motor Credit Corporation v. Woolverton*, 99 So.2d 286 (Fla.1957); *Fischer v. Bennard's Surf*, 217 So.2d 576 (Fla. 4th DCA 1969); *Michaels v. Dillon*, 191 So.2d 80 (Fla. 2d DCA 1966). These cases are not applicable for two reasons. First, the item here involved is a boat rather than a motor vehicle and the governing statutory provisions are not the same. Secondly, the cited cases do not directly address circumstances where the rights of intervening third parties are involved but merely stand broadly for the well established proposition that, as

between the parties, or those claiming under their rights, passage of title occurs in accordance with the parties' intent whether or not a new title has been issued.

When read together, Sections 319.22 and 319.27(2), Fla.Stat., (which apply to transfers or security interests in motor vehicles) are analogous to Section 695.01, Fla.Stat., which is the recording statute applicable to transfers or security interests in real property. Under this type of statutory scheme, creditors or subsequent purchasers are protected against prior transfers or conveyances as well as prior liens if such prior transfers or liens have not been recorded. Such prior transfers or liens are invalid against a trustee under § 544(a). With respect to § 541(a), however, the Trustee acquires only such interests, subject to such infirmities, as were possessed by the debtor. A prior transfer or conveyance or lien which is valid between the parties, likewise is binding on the trustee, and, under Florida law, recording is not a prerequisite itself to the validity of a transfer or lien. The effect of failure to record is to render a transaction or lien vulnerable to the intervening rights of creditors or subsequent purchasers.

The issue thus narrows down to the applicable statutory provisions regarding boats and the trustee's rights as a creditor under § 544(a). Chapter 371, Fla.Stat., contains these provisions. Section 371.81 is a provision comparable to Section 319.27(2) and provides that no prior lien is valid against creditors or subsequent purchasers unless notice of such lien has been recorded. However, there is no provision comparable to the motor vehicle section (§ 319.22) which protects creditors or purchasers against prior transfers. As a result, the regulatory statutes with respect to boats protect creditors or subsequent purchasers only against prior liens and not prior conveyances.

Here, the matter involved was the prior transfer of a boat. Creditors are not protected from any failure to record or to cause the issuance of a certificate, hence the Trustee has no superior rights to the boat under § 544(a).

Accordingly, title to the motor and trailer, as well as the boat, having been transferred by the debtors to Mr. Branch in May of 1978, such items of personalty did not become property of the estate pursuant to § 541 and the Trustee, as aforestated, has no rights with respect thereto under § 544(a).

Order shall issue in accordance herewith.