## In re STEPHENS VAN TERMINAL, INC., Debtor.

### Bankruptcy No. 84-00059-BKC-AJC.

United States Bankruptcy Court,
S.D. Florida.

July 10, 1985.

Steven H. Friedman, Miami, Fla., for trustee.

William Roemelmeyer, Miami Shores, Fla., trustee.

Elizabeth Bohn-Garbett, Miami, Fla., for Pan American Bank.

Julian Benjamin, Miami Beach, Fla., for Van Terminal, Inc.

Sandy E. Karlan, Coral Gables, Fla., Barbara Phillips, Miami, Fla., for debtor.

Burton Levey, Coral Gables, for First American Bank & Trust.

Mark D. Bloom, Greenberg, Traurig, Askew, Hoffman, Lipoff & Quentel, P.A., Miami, Fla., for Capital Bank.

## ORDER ON MOTION FOR DETERMINATION OF SECURED STATUS OF CLAIMS

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on the motion of the trustee on May 21, 1985. Thereafter, the court reset the matter for further argument on the specific issue of the interpretation of Fla.Stat. § 319.27. That argument was heard on June 26, 1985. There are no material facts at issue. The sole issue is whether a lien against an automobile is perfected in Florida upon filing the lien with the Department of Motor Vehicles or whether the statute requires both the filing of the lien and the notation of the lien on the face of the title. Fla. Stat. § 319.27, as amended in 1982 by the addition of sub-section (3), is ambiguous.

The case law is clear as to situations where an innocent purchaser for value of a vehicle is involved. In the absence of the notation of the lien on the face of the Certificate of Title, the third party, inno-

**154**

cent purchaser for value, prevails against the party claiming a lien. *Lee v. Bank of Georgia,* 159 Fla. 481, 32 So.2d 7 (1947). It is also clear that a bank that files a lien with the Motor Vehicle Commissioner prevails against a bank with an earlier lien not filed. *Northeast National Bank v. Central Plaza Bank & Trust Co.,* 209 So.2d 255 (Fla.App.1968). However, the law is not so clear in a situation where a lender has done everything required by statute to obtain a lien, but the notation is not made upon the face of the Certificate of Title and there is no reliance upon the unmarked title by an innocent third party. In such a case, there is no reliance on the absence of the notation on the Certificate of Title. The issue is whether the proceeds of a sale of debtor's vehicles against which funds were loaned to debtor became an unencumbered part of the bankruptcy estate, or whether the lender's security interest and lien attaches to the proceeds despite the fact the Department of Motor Vehicles or its agent failed to make the notation on the title.

■ The court, having reviewed the authorities and heard argument most ably presented by counsel for all parties, concludes that, in its present form, the statute must be interpreted to provide that, in the absence of intervening equities or reliance upon a title certificate without notation of lien thereon, a lien is perfected "upon the filing of the notice of lien with the department." Fla.Stat. § 319.27(3). See *Bank of Hawthorne v. Shepherd,* 330 So.2d 75 (Fla. App.1976).

■ Further, the trustee acquired only such interests subject to such infirmities as were possessed by the debtor. See *In re Collins,* 5 B.R. 56 (Bankr.N.D.Fla.1980) and *In re Wilco Truck Rental, Inc., of Florida,* 446 F.Supp. 79 (D.C.Tenn.1978).

It is **ORDERED** that the lien of Capital Bank became perfected and secured upon filing on December 21, 1982 and the lien of Pan American Bank, N.A. became perfected and secured upon filing on or about December 15, 1983.