In re William A. BROWN, Debtor.

Bankruptcy No. 93–02504–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 29, 1993.

J. Stanford Lifsey, Tampa, FL, for debtor.

Stephen L. Meininger, Trustee, Meininger & Meininger, P.A., and Shirley C. Arcuri, Tampa, FL, for trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an objection to the exemptions claimed by William A. Brown (Debtor). The Objection was filed by Stephen Meininger, the Chapter 7 trustee (Trustee), and is based on the contention that, notwithstanding the Debtor's assertion that his two vehicles were encumbered by an oral lien, the liens are invalid and unenforceable against the Trustee and, in turn, the value of the two vehicles claimed as exempt exceeds the $1000.00 personal property exemption limitation provided by Article X, § 4 of the Florida Constitution. The facts relevant to the resolution of this controversy as they appear in the record are as follows:

On March 8, 1993, the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code and subsequently filed his Schedules of assets and liabilities. In his Schedule C, the Debtor claimed as exempt his half interest in a Winnebago motor home and a Buick automobile. With regard to the motor home, the Debtor listed both the value of his claimed exemption and the value of the motor home without the exemption to be $11,000.00. Also, with regard to the Buick, the Debtor listed both the value of his claimed exemption and the value of the Buick without the exemption to be $1500.00.

In his Schedule D, the Debtor scheduled Suncoast Schools Credit Union (Credit Union) as a secured creditor holding a lien securing a debt owed to the Credit Union in the amount of $22,000.00 incurred in connection with a loan obtained for the purpose of purchasing the motor home, and $5894.21 in order to enable the purchase of the Buick. In his Schedule D, the Debtor also scheduled the motor home claim of the Credit Union as a bifurcated claim, the secured portion in the amount of $26,969.65, the unsecured portion being $4969.65. The Debtor scheduled the

Buick claim of the Credit Union also as bifurcated, the scheduled portion in the amount of $5894.21, the unsecured portion being $2894.21. The certificates of title for both vehicles state: "REGISTERED OWNER ... BROWN WILLIAM A OR ELNORA A."

On June 4, 1993, the Trustee filed his Objection to Claim of Exemption. In the Objection, the Trustee asserts that because no liens are recorded on the Certificate of Title, the Debtor's claim of exemption covering the vehicles exceeds the $1000.00 personal property exemption limitation provided by Article X, § 4 of the Florida Constitution.

On June 25, 1993, the Debtor filed his Response. In his Response, the Debtor contends that the motor home and Buick are encumbered by an oral lien payable to the Debtor's wife securing a debt of $33,009.41. According to the Debtor, the lien was granted to secure the funds borrowed from the Credit Union in order to purchase the motor home and Buick. It is further contended that the obligation owed to the Credit Union was secured by a Certificate of Deposit owned by Elnora Brown but not by the vehicles in question. Based on these facts, the Debtor contends that liens in favor of his wife encumbering both vehicles are valid, and therefore the Debtor's equity claimed as exempt are within the maximum allowed by Article X, § 4 of the Florida Constitution.

In addition, the Debtor also asserts that both vehicles are owned by him and his wife as tenants by the entirety. In opposition, the Trustee contends that the vehicles are owned by the Debtor and his wife as joint tenants, based on Florida Statute § 319.-22(2)(a)(1). The validity and enforceability of liens encumbering properties of the estate is governed by § 544(a), the so-called strong-arm clause.

Section 544(a)(1) of the Bankruptcy Code gives a trustee the status of a creditor who at the time of commencement of the case obtains a hypothetical judicial lien on all property of the debtor that such a creditor could have reached. Section 544(a)(1) provides as follows:

## § 544. Trustee as lien creditor and as successor to certain creditors and purchasers.

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists ...

The precise issue in this case is whether the Trustee by virtue of § 544(a)(1) has priority over the oral lien secured by the vehicles. This question, of course, can only be resolved by referring to Florida law.

Under Florida Statutes § 319.27, each lien on a motor vehicle titled in Florida must be noted on the face of the certificate of title. Moreover, no lien on a motor vehicle is valid unless it is evidenced in this manner. *Fla. Stat.* § 319.20. The oral lien in issue was not evidenced on either certificate of title issued by the Department of Motor Vehicles, therefore, under the Florida Statutes, the oral lien on the vehicles is not valid. The Debtor, however, relies on two cases, *In re Stephens Van Terminal, Inc.*, 52 B.R. 153 (Bankr. S.D.Fla.1985) and *In re Kaufman*, 41 B.R. 972 (Bankr.S.D.Fla.1985), which hold that a lender may have a validly perfected lien on a motor vehicle even when the lien is not evidenced on the certificate of title. In both of these cases, however, the lender had attempted to perfect the lien by either filing with the Department of Motor Vehicles or the county tag agency. Applying the instant case, there is nothing in the record indicating that the Debtor's wife attempted to file a notice of lien with either the Department of Motor Vehicles or the county tag agency. In view of the foregoing, this Court is satisfied that the lien claimed by the Debtor's wife is unenforceable against the Trustee whose sta-

tus as a judgment lien creditor is superior to the non-perfected lien of the Debtor's wife.

 This leaves for consideration the back-up position urged by the Debtor which relates to the ownership interest of the Debtor and his wife in the motor vehicles involved.

Florida Statute § 319.22 provides in pertinent part that:

**319.22  Transfer of title—**

(2)(a)1. When a motor vehicle or motor home is registered in the names of two or more persons as coowners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy. Each coowner shall be deemed to have granted to the other coowner the absolute right to dispose of the title and interest in the vehicle or mobile home, and the signature of any coowner shall constitute proper endorsement ... This provision shall apply even if the coowners are husband and wife ...

Based upon the unequivocal language of the statute, this Court is satisfied that the vehicles are held by the Debtor and Elnora Brown as joint tenants and not as tenants by the entireties, and thus are clearly subject to liquidation of the Debtor's interest.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection is sustained and the Claim of Exemptions is disallowed to the extent it exceeds the amount allowable in Article X, § 4 of the Florida Constitution. The Debtors shall select which property they claim as exempt within 15 days of the entry of this Order. The Trustee is directed to administer the excess as property of the estate.

DONE AND ORDERED.