**In re Ann MASTROFINO, Debtor.**

**No. 99–10466–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 14, 2000.

Robert Gebhardt, Naples, FL, for debtor.

Diane Jensen, Ft. Myers, FL, trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in this Chapter 7 liquidation case is the challenge

by Diane L. Jensen (Trustee) to the exemption claim of Ann Mastrofino (Debtor). The property which is claimed as exempt consists of a 1999 Geo Prism and certain funds on deposit in a general bank account in the Community Bank. The immediate matter under consideration is a Motion for Summary Judgment filed by the Trustee who contends that there are no genuine issues of material facts and, based on the undisputed facts, she is entitled to a judgment as a matter of law disallowing the claimed exemptions. The controlling facts are indeed are without dispute and can be summarized as follows:

The title of the Geo Prism is and has been registered in the name of the non-debtor husband, James F. Mastrofino, or Ann Mastrofino. (Florida Vehicle Registration Certificate, Exhibit A of the Stipulation). The funds on deposit in the Community Bank with a balance of $308.00 is maintained in a general deposit account, Account No. 3004896, and according to the signature card, is in the name of James F. Mastrofino or Ann Mastrofino, and requires only one signature for withdrawals. (Exhibit B of the Stipulation).

Based on the exhibits, it is the Trustee's contention that the Geo Prism and the funds in the bank account in the Community Bank are owned by the Debtor and James F. Mastrofino as joint tenants. Therefore, her interest in the car and in the funds in the bank account are severable from the interest of James F Mastrofino, thus non-exempt and subject to administration by the Trustee and cannot be claimed as exempt.

It is the Debtor's contention that her interest in both the Geo Prism and the bank account is held by her as a tenant by the entireties with James F. Mastrofino, her husband. Thus, by virtue of Section 522(b)(2)(B), her interest is exempt from process under Florida law and not subject to administration by the Trustee.

It should be noted at the outset that while the issue is presented to this Court as a challenge by the Trustee of an exemption claimed by the Debtor, none of the items are claimed as exempt under the applicable laws of this State. It should be noted, that there is nothing in the Florida Constitution or Florida Statute § 222 which provides for any exemption based on ownership by husband and wife as tenants by the entireties. It is true, however, that under the common law of this State, property held by a husband and wife as tenants by the entireties is immune from process and can only by reached by creditors who hold a valid claim against both tenants. Section 522(b)(2)(B) recognizes this type of ownership immunity, and provided that the property held under this type of ownership is not subject to administration, it is immune under the applicable local law. Thus, disregarding the characterization of the dispute, the ultimate question is, whether the Geo Prism and the funds on deposit in the Community Bank are owned by the Debtor as a tenant by the entirety or as a joint tenant.

Considering first the Trustee's objection to the claim of exemption of the Geo Prism, registration of car ownership in this State is governed by Fla.Stat. § 319.22, which in subclause (a)(1), provides:

When a motor vehicle or mobile home is registered in the names of two or more persons as coowners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy.

The Statute provides that each coowner has the absolute right to transfer ownership of the vehicle. The provisions of this Statute are applicable even if the coowners are husband and wife.

This Court had an opportunity to consider the same issue in the case of *In re Brown*, 162 B.R. 616 (Bankr.M.D.Fla. 1993). In *Brown* the automobile in question was registered by the Debtor and his wife indicating their ownership by the use of the word "or." In *Brown*, this Court concluded, "Based upon the unequivocal

language of the statute, this Court is satisfied that the vehicles are held by the Debtor and Elnora Brown as joint tenants and not as tenants by the entireties, and thus are clearly subject to liquidation of the Debtor's interest."

To overcome the clear, unambiguous provisions of the Statute, the Debtor contends that this Court should disregard the Statute because the true nature of the ownership shall be determined by the intent of the parties and that can only be ascertained through an evidentiary hearing. Thus, it is inappropriate to dispose of this controversy through summary judgment.

In the case of *Amsouth Bank of Florida v. Hepner,* 647 So.2d 907 (Fla. 1ST DCA 1994), the First District Court of Appeals of Florida held that an estate by the entirety in a motor vehicle cannot be established by extrinsic evidence when the title is registered in the owners' names using the disjunctive form "or." The fact that the ownership involved is between husband and wife is irrelevant and the language of the Statute is controlling.

This Court is constrained to reject the proposition urged by the Debtor. The Statute is clear that a coowner under this type of ownership has the absolute right to convey and transfer the ownership, a concept which is diametrically irreconcilable with a tenancy by the entireties type of ownership. Tenancy by the entireties is based on the premise that both tenants are the owners of the entire property and the ownership cannot be transferred by one of the tenants without the consent of the other tenant. This being the case, this Court is satisfied that the Debtor's interest is severable and subject to administration. The Trustee may sell the Debtor's interest pursuant to Section 363(h) of the Bankruptcy Code.

█ The same principles are equally applicable to the funds in the bank account. The signature cards in evidence leave no doubt that the funds may be withdrawn by one of the signatories and only one signature is required. This again belies any validity to the claim that the account is held by the Debtor with her husband as tenants by the entireties. This being the case, the funds in the account are property of the estate and subject to administration by the Trustee.

Based on the foregoing, this Court is satisfied that there are no genuine issues of material fact and the Trustee is entitled to the entry of a judgment in her favor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for summary Judgment is hereby granted. Summary Judgement is hereby entered in favor of the Trustee and against the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtor's claim of exemption of the 1999 Geo Prism be, and the same is hereby, sustained. The Debtor's claim of exemption of her interest in the 1999 Geo Prism is hereby disallowed. The Debtor's interested in the 1999 Geo Prism is hereby subject to administration by the Trustee. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtor's claim of exemption of the funds on deposit at Community Bank is sustained. The Debtor's claim of exemption of the interest in the funds on deposit at Community Bank is hereby disallowed. The Debtor's interest in the funds on deposit at Community Bank is hereby subject to administration by the Trustee.