THOMAS B. GLASS, *Plaintiff in Error*, v. CONTINENTAL GUARANTY CORPORATION, A CORPORATION, ETC., FORMERLY GUARANTY SECURITIES CORPORATION, A CORPORATION, ETC., *Defendant in Error*.

Opinion Filed May 7, 1921.

Petition for Rehearing Denied June 11, 1921.

1. The defendant in a replevin action may take a writ of error separate from his sureties on a forthcoming bond.

2. It is a general principle applicable to traffic in personal property, that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title.

3. In England, at common law, a sale in market overt confers a title upon a *bona fide* purchaser, though the seller had no title whatever; but in this country there are no such markets and the principle of title acquired by purchase and sale in market overt does not obtain.

4. The mere possession of personal property is only *prima facie* evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice.

5. Where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title.

6. Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.

7. An alleged owner of an automobile under a secret trust, who permits a dealer in automobiles to have the car at his sales place under circumstances that indicated authority to sell, is estopped to assert his title against a bona fide purchaser for value and without notice of the secret claim.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Reversed.

*George W. Bassett, Jr.,* for Plaintiff in Error;

*George M. Powell* and *Milan & Milan,* for Defendant in Error.

VOL. 81, JANUARY TERM, 1921.        689

Glass v. Continental Guar. Corp.—Opinion of Court.

WHITFIELD, J.—The defendant in error brought replevin against Glass involving an automobile. A demurrer to the declaration was overruled. The defendant pleaded not guilty, and the case was tried on the following: "Stipulation."

"Comes now Milam & Milam and MacWilliams & Bassett, attorneys for the respective parties as above, and hereby stipulate and agree as follows:

"1. That jury be waived and this cause submitted to the court on the stipulation of fact hereinafter contained.

"2. That the facts admitted as true in said cause, and which would be adduced before a jury had said cause been tried, are as follows:

"The plaintiff corporation, organized under the banking laws of the State of New York, has its principal office in New York City, and according to the powers and practices of such banking institutions, it finances commercial transactions, including the shipment of goods from one point to another, and is represented for certain purposes in such transactions by local corresponding bank.

"Calvin Zimmerman on February 21st, 1918, was trading and doing business in Jacksonville, Florida, under the trade name and style of National Motor Company, and in keeping with the custom and usual methods of doing business as such distributor, purchased National automobiles from the manufacturer, which automobiles when purchased were offered for sale on his own responsibility, all in keeping with the customs and usages controlling in the automobile distribution industry, which said customs and usages as aforesaid were entirely unknown to defendant, T. B. Glass.

"During January, 1918, the plaintiff corporation financed a shipment of automobiles from the manufacturer, the National Motor Car and Vehicle Company of Indianapolis, Indiana, to Calvin Zimmerman of Jacksonville, Florida, trading under the name of National Motor Company, one of which automobiles is replevied in this action, being National Automobile, Serial No. 23819. The facts concerning said automobile are as follows: Said Zimmerman agreed to purchase certain automobiles from the National Motor Car & Vehicle Company of Indianapolis, the manufacturer, and the said manufacturer shipped two automobiles, one being said automobile No. 23819 in Pa. R. R. Car 47317, sending the bill of lading with sight draft attached forward to the Atlantic National Bank of Florida, the bill of lading to be surrendered to Zimmerman only upon his payment of the sight draft. Before the shipment reached Florida, Zimmerman requested both the manufacturer and the plaintiff corporation to handle this shipment on a time draft in accordance with the customary banking credit trust receipt plan.

"Under this banking agreement the National Motor Car and Vehicle Company, the manufacturers, drew a four months draft on Zimmerman, which the plaintiff corporation discounted and paid to the National Motor Car and Vehicle Company the amount thereof, to-wit, $2,758.19, and the National Motor Car and Vehicle Company thereupon withdrew its sight draft and instructed the Atlantic National Bank at Jacksonville to hold the bill of lading for the plaintiff corporation. The plaintiff corporation then forwarded the time draft to the Atlantic National Bank and said bank following the instructions of the plaintiff corporation delivered the bill of lading to Zim-

merman, having first secured Zimmerman's acceptance of the time draft and his execution of a trust receipt, disclaiming acquisition of title by him, reading as follows:

"TRUST RECEIPT

> Guaranty Identification No.
> 10 38
> Always quote this number when reporting.

Jacksonville, Fla., Jany-14-1918.

"Received of ATLANTIC NATIONAL BANK of Jacksonville, Fla., for

"GUARANTY SECURITIES CORPORATION

New York City

Bill of Lading for Car No. 47317 Initials PA for One Carload of 2 Motor Vehicles.

|  | (Model Nos. | (AF   ) | (AF   ) |
|---|---|---|---|
| Make National | ( | (6-CYL) | (6-CYL) |
|  | (Serial Nos. | (23819 ) | (23897 ) |

In consideration thereof I (we) hereby agree to take and hold said Motor Vehicles as the PROPERTY OF SAID GUARANTY SECURITIES CORPORATION, for the purpose of storing said property; and I (we) hereby agree to keep said Motor Vehicles brand new and not to operate them for demonstration or otherwise, and to return said Motor Vehicles to said bank or to said Guaranty Securities Corporation upon demand. I (we) agree not to sell, loan, rent, deliver, mortgage, pledge or otherwise dispose of any of said Motor Vehicles to any other person except upon written order from Guaranty Securities Corpora-

692     SUPREME COURT OF FLORIDA.

Glass v. Continental Guar. Corp.—Opinion of Court.

tion from release from trust, upon payment to said bank of the amount required by said order, and upon the endorsement on the back of this Trust Receipt by said bank of a release from trust.

NATIONAL MOTOR CO.

By Calvin Zimmerman.

"(On one side of Trust Receipt is the following):

"TAKE NOTICE: 'PROPERTY IN TRUST: No one has any authority to vary the terms of this Trust Receipt.'

which said trust receipt has not been recorded in the State of Florida; and the defendant reserves the right at any time before final hearing to require proper proof of the execution of said trust receipt before same shall be admitted in evidence.

"Thereafter, on or about February 21st, 1918, before the maturity of said time draft and without the permission or consent of the plaintiff corporation, but contrary to the express terms of said trust receipt, Zimmerman, trading under the name National Motor Company, disposed of said automobile to the defendant, Glass, and the defendant paid said Zimmerman the sum of $1,000.00 and delivered to said Zimmerman one Chandler Clover Leaf Roadster, valued at $1,350.00, making a total purchase price paid by the defendant to Zimmerman $2,350.00.

"The defendant, Glass, on February 21st, 1918, purchased from the said Calvin Zimmerman, doing business in Jacksonville, Florida, as National Motor Company, the National automobile Serial No. 23819, as above described, for the sum of $2,350.00, which amount was paid by delivery to the said Zimmerman of One Chandler

VOL. 81, JANUARY TERM, 1921.          693

Glass v. Continental Guar. Corp.—Opinion of Court.

Clover Leaf Roadster, valued at $1,350.00, and two notes in the sum of $500.00 each, which notes were subsequently paid by the defendant.

"4.    The defendant Glass made no personal inquiries or investigation as to the ownership of the car in question, but was of the opinion that the said Calvin Zimmerman was the owner thereof, on account of the following facts:—

"(a) That one Jack O'Neal, a resident of the City of Jacksonville, stated to him that the said Calvin Zimmerman was agent for the National Motor Car.

"(b) That the said Calvin Zimmerman stated to the defendant that he was the state agent for the said National Motor Car.

"(c) That the said Calvin Zimmerman had in his possession and showed to the defendant the advertising literature supplied by the makers of the National Car.

"(d) That Calvin Zimmerman appeared to have a complete knowledge of the mechanism and operation and advantages of the car in question.

"(e) That the defendant knew and had knowledge of the fact that the said Calvin Zimmerman operated a garage on Adams Street in the City of Jacksonville, Florida.

"(f) That the said Calvin Zimmerman told the defendant that he would make any adjustments on the said car without cost to him, at his garage in Jacksonville, Florida.

"(g) That the said Calvin Zimmerman made arrangements with the Hastings Auto & Supply Company to take care of minor adjustments of the defendant at the cost of the said Calvin Zimmerman.

"(h) That the defendant on two occasions visited the garage of the said Calvin Zimmerman located on Adams Street in the City of Jacksonville, and had two adjustments made on his said car, after the purchase thereof had been concluded, and at that time and at that place there appeared a sign on the front window of the building advertising the National car for sale by the said Calvin Zimmerman.

"3. That upon the submission of this stipulation, the respective parties shall file such briefs on the law as they may be advised, and should the defendant file a responsive brief to plaintiff's brief, then the plaintiff shall have the additional period of ten days to file a responsive brief to that filed by the defendant, and upon a decision being rendered by the court same shall to all effect and purposes be binding in the same manner as if a jury had rendered the finding as a verdict in the case.

　　　　　　　　　"GEORGE M. POWELL,
　　　　　　　　　"MILAM & MILAM,
　　　　　　　　　　　"Attorneys for Plaintiff.
　　　　　　　　　"W. A. MacWILLIAMS,
　　　　　　　　　"G. W. BASSETT, JR.,
　　　　　　　　　　　"Attorneys for Defendant."

The court rendered the following:

　　　　　　　　"FINAL JUDGMENT.

"This cause coming on this day to be heard upon the pleadings herein, and the stipulation as to facts entered into by the respective parties and filed herein on February 13th, 1920, and the matter having been briefed by counsel for the respective parties and submitted to the court, and it appearing that under the stipulation jury was waived and the cause submitted to the court on said stipulation, and that such final judgment as might be

rendered by this court should to all effect and purposes be binding in the same manner as if the jury had rendered the finding as a verdict in this cause, upon consideration thereof,

"IT IS FOUND by the court that at the time of the institution of this suit the defendant, Thos. B. Glass, wrongfully detained and withheld from the plaintiff the possession of One Six-Cylinder National Motor Car, Serial No. 23819, as described in the declaration, of the value of Thirteen Hundred and Seventy-nine ($1,379.00) Dollars; and that the plaintiff was then and is now lawfully entitled to possession thereof; and that the damages for the detention of said car are found and assessed to be interest at legal rate upon the value of the car since the date of institution of suit.

"AND IT FURTHER APPEARING that the said property was redelivered to the defendant, Thos. B. Glass, upon forthcoming bond signed by himself as principal, and The U. S. Fidelity & Guaranty Company, of Baltimore, Maryland, as surety;

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED BY THE court that the plaintiff, Continental Guaranty Corporation, a corporation, etc., formerly Guaranty Securities Corporation, a corporation, etc., plaintiff, do have and recover of and from the defendant, Thos. B. Glass, the property described in plaintiff's declaration, to-wit:

"One Six-Cylinder National Motor Car.

"Serial No. 23819.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the plaintiff, Continental Guaranty Corporation, a corporation, etc., formerly Guaranty

Securities Corporation, a corporation, etc., do have and recover of and from the defendant, Thos. B. Glass, and *The U. S. Fidelity & Guaranty Company of Baltimore, Maryland,* defendant's surety upon his forthcoming bond, the sum of $1,379.00, the value of the property redelivered to the defendant, and the further sum of $232.52 as damages for its detention, total $1,612.52, besides its costs in this behalf expended and herein taxed at          , for which let execution issue.

"DONE AND ORDERED at St. Augustine, Florida, this 9th day of November, A. D. 1920.

"GEORGE COUPER GIBBS, Judge,

"Circuit Court, Fourth Judicial Circuit,

St. Johns County, Florida."

Motions in arrest of judgment and for new trial were overruled, and the defendant Glass alone took writ of error.

The defendant in a replevin action may take a writ of error separate from his sureties on a forthcoming bond. Henry v. Whitehead, 66 Fla. 567, 64 South. Rep. 233; Halliday v. Wright, 43 Fla. 46, 29 South. Rep. 534.

It is a general principle applicable to traffic in personal property that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title. The mere possession of chattels, by whatever means acquired, if there is no other evidence of property rights therein or of authority to sell given by or for the true owner, will not enable the possessor to give a good title. 24 R. C. L. 374-7. But the true owner may under some circumstances be estopped to claim against a *bona fide*

purchaser for value. See Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 South. Rep. 915.

In England, at common law, a sale in market overt confers a title upon a *bona fide* purchaser though the seller had no title whatever; but in this country there are no such markets and the principle of title acquired by purchase and sale in market overt does not obtain. 24 R. C. L. 378.

The mere possession of personal property is only *prima facie* evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice. See Campbell Printing Press & Mfg. Co. v. Walker, 22 Fla. 412, 1 South. Rep. 59; Fairbanks, Morse & Co. v. Eureka Company, 67 Ala. 109; Marvin Safe Co. v. Norton, 48 N. J. L. 410, 7 Atl. Rep. 418; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 South. Rep. 597; Lanier v. Chancy, 76 Fla. 443, 80 South. Rep. 312.

But where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authoriy to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title. See Bent v. Jerkins, 112 Ala. 485, 24 Am. & Eng. Ency. Law (2nd ed.) 1165; Mechem on Sales, Sections 157, 166; 35 Cyc. 680; American Process Co. v.

Florida White Pressed Brick Co., 56 Fla. 116, text 120, 47 South. Rep. 942.

. Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetuate the wrong or cause the loss. American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 121, 47 South. Rep. 942.

In this case the defendant in error made it possible for the third party to make an unauthorized sale to the plaintiff in error without fault on the part of the latter. The bill of lading, presumably naming the dealer as consignee, was delivered to the dealer, upon his signing the receipt set out above. The receipt was not recorded or otherwise brought to the actual or constructive notice of the purchaser Glass. The dealer was known to be engaged in selling this make of automobiles and the car in controversy was designed to go to the dealer's place of business. There was presumably nothing on the bill of lading to indicate that the consignee was not the owner of the automobile, or that the consignee dealer had given a trust receipt for the bill of lading in the name of any one else or that the dealer consignee had by such trust receipt disclaimed title and agreed to hold the automobile as the property of another who had advanced money to get the bill of lading released by the vendor, or that the dealer had not paid for the car or that the car was not consigned to the dealer for sale in his well known business as dealer. Under these circumstances the party who advanced money and took a secret trust receipt for the bill of lading and delivered the bill of lading to the dealer under the circumstances stated

above, without taking any steps to acquaint purchasers from the dealer that the latter had no right to sell, when the party taking the trust receipt knew of the •dealer's selling business, and the circumstances clearly indicate that the dealer had a right to sell, the party taking the trust receipt is estopped from claiming title as against a *bona fide* purchaser from the dealer without actual or constructive notice of the trust receipt or of the conditions on which the bill of lading was delivered to the consignee dealer. See American Process Co. v. Florida White Pressed Brick Co., *supra;* Edwards v. Baldwin Piano Co., *supra.*

Reversed.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.