LYNN GERALD, Associate Judge.
This was a replevin action in which the appellant was the plaintiff and appellee was defendant. The cause was tried before the ■Court without a jury and judgment was entered for the defendant. This appeal was then instituted.
Under a conditional sales contract dated December 15, 1955, appellant sold and delivered to Buckner Tractor and Equipment Company a certain diesel tractor. The contract secured a sum due to appellant in excess of $5,000. This conditional sales contract was recorded in the public records of Palm Beach County on December 29, 1955. Buckner Tractor and Equipment Company was in the business of selling tractors and farm implements at retail.
On February 1, 1956, Buckner Tractor •and Equipment Company sold the tractor to ■appellee, Elijah Miller, for $6,700. It appears that appellee paid about $1,000 cash and arranged the remainder to be paid through a bank. At the time he bought the tractor appellee had no actual knowledge of appellant’s interest in the tractor, and he did not check the public records to determine ■existence of a conditional sales contract.
Buckner Tractor and Equipment Company defaulted on the conditional sales contract with appellant on a sum in excess of ■$4,000. Subsequent to sale and delivery of the tractor to appellee, appellant brought the replevin action, relying on its conditional •sales contract.
The question involved is:
I.
“Whether the Defendant was bound by the constructive notice of Plaintiff’s interest in the tractor and equipment described in the conditional sales contract recorded in the Public Records of Palm Beach County, Florida.”
We quote with approval from the opinion of the Circuit Judge.
“The question presented relates to whether the Defendant was bound by the constructive notice of Plaintiff’s interest afforded by the recording of the conditional sales contract. The Defendant contends that Plaintiff, having delivered the tractor to a retail dealer in such equipment, with indicia of authority to sell, is estopped to claim the right to possession thereof as against a bona fide purchaser for value without actual notice.
“A search of the Florida cases does not reveal a decision on this precise issue, involving a recorded conditional sales contract. In the case of Glass v. Continental Guaranty Corporation, 81 Fla. 687, 88 So. 876, 879, 25 A.L.R. 312, the Florida Supreme Court held that the owner of an automobile who permitted a dealer in automobiles to have the car at his sales place under circumstances that indicated authority to sell, was estopped to assert his title against a bona fide purchaser for value without actual or constructive notice of the owner’s interest. The Court said:
“ ‘The mere possession of personal property is only prima facie evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditional sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice. * * *
“ ‘But where an owner consigns personal property to a dealer in such goods with express or implied author *918 ity to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell, but with the title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment, or sale, obtains a good title as against the original owner, which will in general prevail against the latter’s reserved title. * * *
“ ‘Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetuate the wrong or cause the loss. * * *
“ ‘In this case the defendant in error made it possible for the third party to make an unauthorized sale to the plaintiff in error without fault on the part of the latter.’
“While there is a conflict in the authorities, the rule most generally favored appears to be that where chattels are sold under circumstances similar to those presented here, where the conditional sales contract was recorded, the retail buyer’s right is superior to that of the owner of record. A superficial examination of the authorities would indicate a possible dissimilarity in the lines of reasoning followed by the different courts in reaching that conclusion; e. g. it is variously held that the recording of the contract or lien, as the case might be, does not afford constructive notice, 47 Am.Jur. 120; that the constructive notice is ‘not sufficient,’ Boice v. Finance & Guaranty Corp., 127 Va. 563, 102 S.E. 591, 10 A.L.R. 654; or that such notice is ‘nullified’ by the act of the record owner in clothing a dealer in such chattels with apparent authority to sell, Fogle v. General Credit, Inc., 74 App.D.C. 208, 122 F.2d 45, 136 A.L.R. 814. However, on analysis the holding reached in each case is usually seen to have the same broad bottom, that of estoppel. Thus, in the leading case of Boice v. Finance & Guaranty Corp., supra [127 Va. 563, 102 S.E. 593], the Court said:
“ ‘It is a matter of common knowledge, and will therefore be judicially noticed, that in the large cities there are department stores in which a customer can buy almost anything from a nutcracker to a threshing machine,, from a doll carriage to an automobile. It would never occur to a customer that he must be on his guard to see whether the article was bulky, of large value, and easily susceptible of identification,, and, if so, to examine the registry for liens thereon. Besides, many of the articles carried in such stores would be on, the border line, and it would be unreasonable to require a purchaser to determine what could be mortgaged and' what could not. To require an examination of the records for liens in such-cases would break up the business, and indeed be an embargo on legitimate-trade. Capital must seek a more substantial security for its protection.. Otherwise it were better that the few should suffer than the general public, who have been lured into purchasing from a dealer who has been intrusted! with the indicia of ownership. A purchaser in such case is not bound to see-to the application of the purchase money. * * * The constructive notice-furnished by a recorded mortgage or deed of trust in such cases is not sufficient. The act of knowingly permitting, the goods to be so handled and used by the seller in the ordinary and usual conduct of his business is just as destructive of the rights of the creditor as if such permission had been expressly granted in the mortgage or deed of trust.’
“And in Fogle v. General Credit, Inc., supra, the Court said [74 App.D.C. 208, 122 F.2d 50]:
*919 “ ‘If the mortgagee clothes the mortgagor with the indicia of ownership, or gives him authority to sell the property, or stands by in silence and watches the mortgagor deal with it as owner, he nullifies the effect of recording by his inconsistent representation.’
“The Florida Supreme Court, in the case of Nash Miami Motors v. Bandel, 160 Fla. 925, 37 So.2d 366, used certain language which supports the position of the Defendant in the present case, in stating that a purchaser who buys personalty from a dealer who is known as one who sells that type of personal property openly to any prospective purchaser, ‘should not be confronted with the task of ascertaining his title or authority to sell.’ ”
Affirmed.
ALLEN, Acting Chief Judge, and iSHANNON, J., concur.