SPOTO, I. C., Associate Judge.
This appeal arises from a dispute over the title and right to possession of a 1956 Knox house trailer.
Appellant, R. S. Evans Motors of Jacksonville, Inc., filed suit below for replevin during September of 1959, asserting a right to possession because of a default in a conditional sales contract by its purchaser, Robert F. Shell, since June of 1959. It traced its chain of title back to the manufacturer and relied on a title certificate issued by the Florida Motor Vehicle Commissioner in 1956. Appellant, Florida National Bank of Jacksonville, was later *299 joined as a plaintiff by virtue of an unsatisfied lien which it has held since issuance of the original title certificate and which is properly reflected on the certificate.
Appellee is in possession under a bailment for storage from one W. E. Nicholas, Sr., who traces his title back to Fleming Trailer Sales and relies on a title certificate first issued in 1957 by the Florida Motor Vehicle Commission, setting forth the same identification or serial number of the vehicle as appears on the 1956 title certificate relied upon by the appellants, although no connection is shown to exist between the two chains of title.
The trial court found that the appellants were not chargeable with any negligence in exercising their rights, but held that they should not prevail because Nicholas was a bona fide purchaser for value without notice of any defect or infirmity of title. This holding is erroneous, since it is supported by none of the recognized exceptions to the settled law that the possession of personal property in good faith by a purchaser for value is only prima facie evidence of title, that no one can transfer better title than he has, and that one who is in possession under a defective or incomplete title cannot defeat recovery of the property by the true owner. And it is a general principle applicable .to traffic in personal property that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title.
See Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, 25 A.L.R. 312; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; and Dicks v. Colonial Finance Corp., Fla., 85 So.2d 874.
Florida, like the rest of the United States, has no market overt such as has been found in England. See Glass v. Continental Guaranty Corp., and Commercial Credit Co. v. Parker, both supra; 77 C.J.S. Sales § 293, p. 1100.
 There is no estoppel against the appellants in the absence of any showing that they caused Fleming Trailer Sales to have possession and thereby to clothe the dealer with the indicia of ownership. Payments on plaintiffs’ accounts were kept current until June of 1959 and they accordingly had no reason to know of any possession by the dealer or by anyone claiming under the dealer until after the default occurred. Defendant’s certificate of title, although issued last and importing authenticity, does not accomplish more than a wild deed to real estate would accomplish. Chapter 319 of the Florida Statutes, F.S.A., under which the certificate was issued, does not purport to vest title where none exists.
The issues were submitted to the trial judge in a somewhat unusual manner. The parties were before the trial judge on a motion to vacate a final judgment which had been entered against the appellant, R. S. Evans Motors of Jacksonville, Inc., and a motion to join the appellant bank as party-plaintiff. The parties then proceeded to submit the cause to the trial court upon the record then before the Court. The judge found the final judgment to have been entered through inadvertence and proceeded to enter the order appealed from. Appellee has not. challenged by cross-assignment of error’ or otherwise, the trial court’s finding that the final judgment had been entered through inadvertence and appellee concedes both in oral argument and in his brief presented to this Court that the statement of' facts predicated on the exhibits and set forth above is correct, without suggesting that any additional evidence could be offered to support his position. Accordingly, the final order appealed from is reversed and this cause remanded to the trial court with directions to enter a final judgment in favor of the appellants.
KANNER, Acting C. -J., and SHANNON, J., concur.