PER CURIAM.
This was a replevin action instituted by appellee, the holder of a conditional sales contract for the recovery of a Cadillac automobile. The trial judge rendered summary judgment in favor of appellee. Appellants have appealed from the summary judgment.
The Cadillac automobile in question was one of several automobiles floor plan financed by appellants for a car dealer. While the Cadillac was under the floor plan financing, the dealer sold it and took back as part payment a conditional sales contract which was assigned to the appellee. Neither the floor plan mortgage nor the conditional sales contract were recorded with the Motor Vehicle Commissioner of Florida. Shortly after the sale of the Cadillac, the floor plan mortgage was paid off by the dealer. There followed a second floor plan mortgage by the dealer to the appellants. The purchaser of the automobile failed to make the third payment due under the terms of the conditional sales contract. In the meantime, and after the default on the conditional sales contract, the appellants repossessed the Cadillac from the dealer where it had been placed by the owner to be sold. Learning that appellants had possession of the automobile the appellee instituted this replevin action.
Basically the appellants contend that they are bona fide purchasers for value without notice and that the appellee is estopped to assert its claim of lien under the terms of the conditional sales contract. See § 319.-27(2), Fla.Stat., F.S.A. This contention is wholly without merit.
The Supreme Court of this state, in Volusia Discount Co. v. Alexander K-F Motors, Fla.1956, 88 So.2d 302, 305, in commenting on the risks assumed by those who floor plan for automobile dealers, pointed out that one who lends under a floor plan arrangement “assumes the risk of the borrower’s dishonesty or fraud in that the borrower can sell a good title to a purchaser in good faith for value in the course of retail trade even though the automobile is encumbered by the security interest of the finance company.” It appears clear in the instant case that the appellants relied on the honesty and good faith of the dealer not to dispose of the automobile which he had in his possession and under trust receipt or floor plan financing to the *659 appellants. From the turn of events, their reliance on the dealer in this instance was obviously misplaced.
Notwithstanding the comments of the Supreme Court in the Volusia Discount Co. case, there is also the proposition facing the appellants that they were responsible for placing in motion circumstances which resulted in their own loss and would appear to bring them within the principles announced in Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, 25 A.L.R. 312.
Failing to find reversible error, it follows that the judgment appealed should be and is hereby affirmed.
Affirmed.