WHITE, Judge.
This is an appeal from a final decree ordering foreclosure of liens on certain cigarette vending machines in the hands of various of the defendants, appellants herein, who claim through mesne conveyances as bona fide purchasers of said machines without notice of plaintiffs’ interests. The plaintiffs based their claims of lien on retention of title to the machines under conditional sales agreements with the original purchasers who were included as defendants in the suit. The appellants generally will be designated defendants and the ap-pellees as plaintiffs, as they stood in the "trial proceedings.
At the time of suit Hal Rivers Standafd Service Station and others of the named defendants had received possession as subsequent purchasers of the machines from Hillman H. Wood and others of the defendants who were the original purchasers from the plaintiffs. The latter defendants, as purchasers from the original purchasers of the machines, were not original parties to the suit. The chancellor entered a final decree for the plaintiffs but the subsequent purchasers refused to surrender the machines, claiming superior rights by reason of certain written agreements with defendants Hillman H. Wood and others. In other words, the plaintiff appellees sold the machines to the defendants Hillman H. Wood and others by conditional sales agreements. These agreements were not of record at the time the defendants Hillman H. Wood and others in turn sold the machines to the later purchasers by installment sales agreements.
The chancellor reopened the case and allowed the subsequent purchasers to plead defensively to the complaint as if they were original parties defendant. During the interim between the original contract date and the recording dates eleven of the forty-five machines involved were leased or sold to those defendants referred to herein as subsequent purchasers. The original conditional sales agreements became in default in October 1959. The plaintiffs, as stated, claimed superior rights by reason of the conditional sales agreements with those defendants who were original purchasers Final decree having been entered for the plaintiffs, this appeal is by the defendants claiming as innocent purchasers for value without notice. They also contend that the plaintiffs are estopped from repossessing the machines because of their inaction over *619 a long period of time with full knowledge of the situation.
The final decree appealed reads in part as follows:
“It appears from the preponderance of the evidence that at the time plaintiff sold its cigarette vending machines to Hillman H. Wood and Howard L. Sparks, and at the time Vendees in turn entered into the written agreement for the lease-conditional sale of the vending machines to Redman Gulf Service Station, et al., Wood and Sparks were primarily sellers of cigarettes through the medium of vending machines. In the merchandise field they may be classed as a wholesaler-distributor. There is no evidence that Wood and Sparks had a display room wherein the general public was invited to inspect and purchase cigarette vending machines, nor is it shown by the evidence that Wood and Sparks held themselves out to the general public as a retail merchant dealing in cigarette vending machines.
“It further clearly appears that as a matter of law when the plaintiff elected to foreclose its equitable lien on the merchandise in question it confirmed the legal title to the merchandise in Wood and Sparks, subject to plaintiff’s lien. This lien attached at the time of the conditional sale rather than at the time plaintiff elected to foreclose the same.
“It further appears as a matter of law that the defendants Redman, et al., were not bona fide purchasers so far as the plaintiff’s lien is concerned. Each of the defendants of Redman, et al., class has an equitable lien, subject to the superior equitable lien of plaintiff.
“The evidence fails to support the defense of estoppel.”
In Llewellyn Machinery Corp. v. Miller, Fla.App.1958, 108 So.2d 916 the appellant sold and delivered a diesel tractor to a tractor equipment company under a conditional sales contract which was recorded. The tractor company was in the business of selling tractors and farm implements at retail. Two months later the tractor company sold the tractor to the appellee. Subse-, quently the tractor company defaulted on the conditional sales contract and the appellant brought a replevin action. In affirming judgment for the defendant purchaser, this court held that the recording of the conditional sales contract did not give the defendant constructive notice of the plaintiff’s interest.
In reaching the foregoing conclusion the court cited Glass v. Continental Guaranty Corporation, 1921, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312. The latter case is authority for the proposition that an automobile owner by permitting a dealer to have his automobile at the dealer’s place of business under circumstances indicative of authority to sell, estops himself from asserting title as against a bona fide purchaser for value without notice of the owner’s interest.
Apparently the chancellor in the instant case concluded that the original vendees could not be regarded as “dealers” from whom subsequent purchasers might receive title good as against the original vendors. Although having a showroom and holding out to the general public as retail dealers may be basic criteria in some cases, such circumstances would not be determinative where the facts warrant otherwise. Here the ultimate vendees were contacted by the original vendees who had undisputed possession of the machines. The plaintiffs concede that the first purchasers were in the business of selling cigarettes through the media of vending machines at coveted locations, but they deny that the machines were purchased to sell at retail. They contend, therefore, that this case is not con *620 trolled by the Llewellyn case, supra, because here the initial purchasers, or vendees, were not retailers. We interject here the observation that cigarette vending machines, not being a commodity readily saleable to the retail public, are usually sold by salesmen.
Small businesses similar to the defendants’ are visited regularly by salesmen of establishments which own and sell or rent equipment to the public or to particular businesses. It reasonably may be expected that one who sells and supplies cigarettes might also supply the means to dispense them; and it is not unusual for one to be a wholesaler of some products and a retailer of related products, e. g.- — -a wholesaler in cigarettes and a retailer in dispensing machines.
The purchasers of these machines, as stated, contacted the defendants and offered to sell and install the machines on installment sales agreements. They undertook to keep the machines supplied. The original sales agreements were not recorded, but this is not material. At the time of entering into their agreements to purchase, the defendants had neither actual nor constructive knowledge of liens on the machines. The situation here is not analogous to the sale and transfer of a motor vehicle which, under Florida law, should be recorded as a condition precedent to marketable title.[1] We note in passing that Hillman H. Wood, one of the original defendants, stated in his deposition that he kept the plaintiffs posted by monthly reports as to the location of the machines, furnishing a list of names and addresses.
The agreements by which the original purchasers sold to the defendant purchasers refer to the sellers as “dealer”:
"Dealer Automatic Merchandizors Service * * *
jfi íjí ;fc sft sfc
“The above dealer hereby delivers and agrees to sell, and the undersigned buyer, jointly and severally, agree to purchase subject to the terms and conditions hereinafter set forth. * * * ”
The party of the first part is referred to as “dealer” throughout the sales agreements with the subsequent purchasers. It is under such circumstances that the familar doctrine comes to mind:
“Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetuate the wrong or cause the loss. * * * ” Glass v. Continental Guaranty Corporation, 1921, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312.
The conclusion is that, although the intermediate sellers to the defendant purchasers did not maintain showrooms or hold themselves out to the general public as dealers, they nevertheless were permitted by the nature and circumstances of their dealings with the plaintiffs to assume the position of owners and dealers in the handling, disposition and sales of the vending machines here involved.
The decree appealed is reversed and the cause remanded for proceedings not inconsistent herewith.
Reversed.
ALLEN, Acting C. J., and ICANNER, J., concur.

. Fla.Stat. § 319.22, F.S.A.