WHITE, Judge.
Maas Brothers, Inc., defendant below, seeks reversal of a summary final decree granting injunctive relief to plaintiff Guaranty Federal Savings and Loan Association, a United States corporation. The case presents the question of whether or not, under the circumstances hereafter detailed, certain wall-to-wall carpeting lost its character as personalty when installed in model homes over “unfinished” flooring. The conflict between the parties arose from their respective positions as conditional vendor of the carpeting and as original mortgagee of the newly constructed houses in which the carpeting was installed. The chancellor studiously considered the question and ruled that the carpeting became part of the realty subject to the priority of plaintiff’s mortgage over the defendant’s retained title. *529 The decree sets forth the following reasoning :
“As a general rule, the Court recognizes that wall-to-wall carpeting is not, under ordinary circumstances, to he considered as a part of the realty, and is wholly in agreement with such rule. But it is also a well-known fact that wall-to-wall carpeting is not generally installed directly over rough unfinished flooring, but over what is considered as finished flooring.
“There appears to be a trend * * * whereby developers are installing, as the finished flooring, wall-to-wall carpeting over bare concrete, and in lieu of other finished flooring materials. Such being the case, this Court is of the opinion * * * that the developer intends that such carpeting be and become an integral part of the house, and not retain its customary status as personalty.
“While realizing that the carpeting in question was readily movable without substantial damage to the remainder of the dwelling unit (though leaving a rough unfinished floor), the Court is also aware of the ready removability of such other items customarily found in residential properties, such as doors, window screens, ceiling fixtures, hot water heaters, etc., and does not believe that the removable factor should determine or control in this case. ⅝ ⅝ ⅜ 3>
A particularization of the facts, which are essentially undisputed, reveals that the plaintiff Loan Association made certain construction loans to Apollo Construction Company on unimproved lots, taking back first mortgage security. Apollo Construction Company proceeded to build single family dwelling houses on the properties pursuant to the purpose for which the loans were made. In connection with the construction program defendant Maas Brothers sold the wall-to-wall carpeting on conditional sales contract and installed it in the houses over concrete slab flooring.
Plaintiff Loan Association alleged that the carpets became fixtures or permanent, parts of the realty; that the defendant vendor had removed the carpets from some of the houses and that such removal interfered with plaintiff’s rights under such of the mortgages as were in default and undergoing foreclosure; and plaintiff prayed that the defendant be restrained from removing-the carpets. It was plaintiff’s contention that the carpets were specially ordered' and were made from bulk rolls to fit the contours of individual rooms over unfinished concrete with the manifest intent that the carpets would constitute the permanent finished flooring of the rooms.
The defendant vendor, on the other hand,, contended that the carpets remained personalty since, in view of the title retention! contract, they were clearly not intended h> become integral parts of the realty; that, although the carpets were prepared to fit the dimensions of specific rooms, they were hooked down in such manner that they could', be easily installed or removed without damaging the houses in any way.
In a relatively recent case the Third District Court of Appeal held that wall-to-wall' carpeting placed in an apartment was not a fixture or “improvement” to the realty as. such and that the supplier had no lien on the realty under the mechanic’s lien law. See Fell v. Messeroff, Fla.App.1962, 145 So.2d 238 where the court said:
“Applicable cases are almost unanimous e£fect that carpeting is not a fixture. See annotation at 55 A.L.R.2d 1044. We conclude, therefore, that carpeting is not an improvement * *
In the case at hand the conditional sales; contract was a decorator’s contract covering the complete house furnishings including, but not limited to, furniture, draperies and', carpets. Flooring of base concrete is adaptable to terrazzo, vinyl, asbestos tile, asphalt tile, parquet or wall-to-wall carpeting in. *530 accordance with the tastes of the purchaser. The defendant installed carpeting which was easily removable in the event the purchaser should desire to replace it with some other floor covering. Without any floor covering the furniture and draperies would not provide an adequate display. The carpets were attached by using what is described as Roberts’ smooth edge tackless floor strip method whereby they were hooked onto strips attached near the base of the wall. In this way the carpets were readily removable for cleaning or replacement without damage to the houses. In short, the carpets were not basic or necessary structural features of tire houses themselves.
It is our conclusion, therefore, that the subject carpets were not integral parts of the realty, at least as among the parties privy to the construction and development program. Under the circumstances here presented there is no basis for estop-pel, as where an innocent purchaser of a home would suffer. The rugs therefore remain personalty. To hold otherwise would, we think, promote dual standards and tend to unsettle the status of such conditional sales contracts in Florida.
Carpeting of a temporary nature for decorative and display purposes, as distinguished from functional purposes, is almost unanimously recognized as personalty. 55 A.L.R.2d 1042. Contractual understanding, or the intent of the parties in privity, is of course a factor; and here the conditional sales contract obviously negatives any intent that the carpeting should become real fixtures. The defendant was not a “materialman” and since the carpets were decorative furnishings we see no reason for distinguishing instances where such carpets are placed over unfinished flooring from instances where they are placed over finished flooring.
The carpets, then, are to be treated as other furnishings where title has been retained, and the conditional vendor is not deprived of its rights in the absence of an effective relinquishment or waiver of such rights. McCampbell Furniture Stores v. Central Farmers’ Trust Company, 1934, 117 Fla. 351, 158 So. 283. See also Standard Motors Finance Company v. Central Farmers’ Trust Company, 1934, 117 Fla. 217, 157 So. 520.
We have previously noted that this is not a case where the conditional vendor is estopped from asserting title. See and compare Hal Rivers Standard Service Station v. Continental Industries, Inc., Fla.App.1962, 140 So.2d 617; Llewellyn Machinery Corp. v. Miller, Fla.App.1958, 108 So.2d 916.
Reversed and remanded.
ALLEN, Acting C. J., and SHANNON, J., concur.