SHANNON, Acting Chief Judge.
Appellant Maas Brothers, Inc., seeks reversal of a summary final decree in favor of Guaranty Federal Savings & Loan Association, the appellee. This is the second time that this case has been before this court. The original opinion is in Maas Brothers, Inc. v. Guaranty Federal Sav. & Loan Ass’n (Oct. 23, 1963), 157 So.2d 528.
Maas, as defendant in the original suit, sought reversal of a summary final decree therein granting injunctive relief to the plaintiff, Guaranty Federal. The facts are set out in that opinion.
This court ruled in favor of Maas and held that the wall-to-wall carpeting involved in the houses therein described were subject to repossession by Maas, the holder of a retained title contract. When the case went back to the trial court Maas filed a motion for summary judgment and Guaranty Federal also filed a motion for summary final decree, with supporting affidavits. The chancellor, on July 10, 1964, entered his final summary decree. In the affidavit that was part of the basis for the final decree, Guaranty Federal stated, in part:
“ * * * [T]hat at the time of installation of the carpeting in the above indicated dwelling unit (April 19, 1961), deponent’s corporation had on hand un-disbursed loan proceeds in total amount of $3,225.15; that upon receipt of Final Inspection Report of A. S. Williams under date of April 24, 1961, indicating completion of said residential structure, including wall to wall carpeting as the finished floor covering, deponent disbursed the sum of $1,310.-15 of the loan proceeds to the developer-borrower, Apollo Construction Company; that at the time of making said disbursement, deponent viewed said wall to wall carpeting to be an integral part of the building as the finished flooring and in lieu of other type finished flooring, and had no knowledge or reason to believe that anyone other than the said developer-borrower had any right title or interest to said wall to wall carpeting.”
In entering his final decree the chancellor accepted the theory that Maas should be estopped from asserting its retained title, saying, in part:
“In view of the additional uncontro-verted facts respecting the carpeting installed at 713 Spanish Main Drive, Apollo Beach, Florida, this Court finds that with respect to said carpeting which was installed by Maas Brothers, Inc. during the course of construction, wall to wall over bare concrete flooring with every appearance of being the finished flooring in lieu of the presence of other finished flooring, and under the other factual circumstances evidenced in this cause, Ap-pollo Construction Company, as the developer and as owner of the realty, was invested with indicia of ownership of said carpeting over and beyond mere possession thereof; * * * this Court concludes that plaintiff was a bona fide purchaser for value without notice with respect to said carpeting, and that defendant Maas Brothers, Inc. should be estopped from asserting its claim to said carpeting; * * * that where one of two innocent parties must suffer through the wrong doing of a third party, the loss should fall upon the one who, by his conduct, ere- *197 ated the circumstances which enabled the third party to cause such loss. Glass v. Continental Guaranty Corporation, 1921, 81 Fla. 687, 88 So. 876, 879, 25 A.L.R. 312; Llewellyn Machinery Corp. v. Miller, Fla.App.1958, 108 So.2d 916; Hal Rivers Standard Service Station v. Continental Industries, Inc., Fla.App. 1962, 140 So.2d 617.”
In view of the fact that we have determined that the title retention contract obviated the imposition of a lien in favor of Guaranty Federal, we are only concerned in this case with two points, namely, es-toppel and the fact that Guaranty Federal was a mere incumbrancer and not a bona fide purchaser. However, in view of our holding herein that estoppel does not lie, it will be unnecessary for us to consider the second ground.
It will be well to state once again the rule in Florida to the effect that anyone who purchases personal property from a conditional vendee acquires no interest against the prior conditional vendor, even though the purchaser pays value and takes without notice. This is because the conditional vendee, under these circumstances, conveys no better title than he himself has. There are two exceptions to the general rule, which we will note in this opinion. Insofar as the general rule is concerned, see Campbell Printing Press and Mfg. Co. v. Walker, 1886, 22 Fla. 412, 1 So. 59; Roof v. Chattanooga Wood Split Pulley Co., 1895, 36 Fla. 284, 18 So. 597; Dillon v. Mizell Live Stock Co., 1913, 66 Fla. 425, 63 So. 824; Lanier v. Chancy, 1918, 76 Fla. 443, 80 So. 312; and Richardson Tractor Co. v. Square Deal Machinery & Supply Co., Fla.App.1963, 149 So.2d 388.
As we have stated previously in this opinion, Florida has recognized two exceptions. There may be others, but for this purpose we point out these two well-recognized exceptions. The first is failure to record the conditional sales contract within two years, as required by Fla.Stat., Sec. 726.09, F.S.A. The second exception is where a conditional vendee is in the business of selling the personal property which he received under a title retention contract, and the conditional vendor is es-topped from asserting his retained title contract against an innocent purchaser for value from such dealer. This was recognized in American Process Co. v. Florida White Pressed Brick Co., 1908, 56 Fla. 116, 47 So. 942. Our Supreme Court, as well as this court, has touched upon this principle in several cases. Hal Rivers Stand. Serv. Station v. Continental Industries, Inc., Fla.App.2d 1962, 140 So.2d 617; Llewellyn Machinery Corporation v. Miller, Fla.App.2d 1958, 108 So.2d 916; Marriott v. Meadows, 1939, 138 Fla. 436, 189 So. 415; Commercial Credit Co. v. Parker, 1931, 101 Fla. 928, 132 So. 640; and Glass v. Continental Guaranty Corporation, 1921, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312.
The appellee cites several cases contained in the chancellor’s decree, which it claims supports the theory of estoppel, but, in reading these decisions, they go no farther than to state that the conditional vendor is estopped from asserting his lien against an innocent purchaser from a dealer. It will be remembered that there is no' showing in the record that the conditional vendee was a dealer in this particular field. In no sense could the conditional vendee be a dealer by the simple act of possession of this personalty. The original opinion, when this case was first before the court, to the effect that the carpeting is personal property is still res judicata and there is no estoppel against the appellant by reason of the facts and circumstances related.
The final decree is reversed.
SMITH, J., and McDONALD, PARKER LEE, Associate Judge, concur.