BARKDULL, Judge.
The appellant, defendant in the trial court, seeks review of an adverse summary judgment. The appellee filed a complaint seeking to recover damages for the balance due under a conditional sales contract.
The record on appeal reveals the following: On June 10, 1965, one John Schmidt entered into a conditional sales agreement with H. M. Wilson Co., Inc., in reference to a certain 1965 Chevrolet automobile. Thereafter, the conditional sales agreement was assigned to the appellee, General Motors Acceptance Corporation. Pursuant to the Uniform Commercial Code of the State of New York, a financial statement, reflecting the outstanding secured interest, was duly filed on June 16, 1965 with the appropriate “recording officer” in that State which, in the instant case, was the City Register of Queens County, New York. Thereafter, Schmidt proceeded to Florida and sold the car to the appellant, at which time it became the duty of the appellant to do certain things in order to be considered an innocent purchaser for value pursuant to § 319.27(3) (f), Fla.Stat. (1963),[1] F.S.A.
It is undisputed in this record that at no time prior to the consummation of the sale from Schmidt to the appellant did the latter attempt to comply with § 319.27(3) (f), Fla.Stat. (1963), F.S.A., by checking with the proper authority in the State of New York or by securing a “telegram or statement in writing” showing there were no liens registered against the vehicle to be sold by Schmidt. Subsequent to the purchase of the automobile by the appellant it was titled in Florida and sold to an innocent third party. Thereafter, representatives of the appellee contacted the appellant at which time, some five months after the transaction with Schmidt, the appellant at *249 tempted to elicit certain information from the Secretary of State, State of New York [not the appropriate recording officer),[2] in reference to any outstanding liens against the vehicle.
Basically, the facts were undisputed and we find no error in the summary judgment here under review. We hold that under § 319.27(3) (f), Fla.Stat. (1963), F.S.A., it is incumbent upon a prospective purchaser to do those things required in the statute prior to the consummation of the sale of the chattel involved,[3] if he desires to be deemed an innocent purchaser for value. Failure to do so in the instant case left the appellant in the same position as an ordinary purchaser of chattels covered by an outstanding retain title contract, to wit: subject to all outstanding conditional sales contracts or prior liens. Campbell Printing Press and Manufacturing Company v. Walker, 22 Fla. 412, 1 So. 59; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597; Maas Brothers, Inc. v. Guaranty Federal Savings and Loan Association, Fla.App.1965, 180 So.2d 195; 6 Fla.Jur., Conditional Sales, Chattel Mortgages and Trust Receipts, § 100.
Therefore, the judgment here under review be and the same is hereby affirmed.
Affirmed.

. “§ 9^401. Placa of Piling; Erroneous Piling; Removal of Collateral.
“(1) The proper place to file in order to perfect a security interest is as follows :
(a) When the collateral is equipment used in farming operations, or farm products,-or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the filing officer in the county of the debt- or’s residence if the debtor is a resident of this state, and in addition when the collateral is crops in the office of the filing officer in the county where the land on which the crops are growing or to be grown is located;
* :|: * % :}:
“(5) In this Part, the term ‘filing officer’ or ‘recording officer’ means the county clerk of the county, except in the counties of Bronx, Kings, New York and Queens where it means the city register in the county; and the term ‘filing officer’ includes the secretary of state where a filing is made in the department of state. L.1962, c. 558; amended L.1963, c. 1003, §§ 35-37; L.1964, c. 476, § 13, eff. Sept. 27, 1964.” (McKinney’s Consolidated Laws of New York, c. 38, Uniform Commercial Code, § 9-401.)

. Accord, Municipal Auto Sales, Inc. v. Perry Street Motor Sales, Inc., Fla.1962, 143 So.2d 323.