JOHNSON, Judge
(dissenting).
I cannot agree with the majority opinion in this case.
The majority opinion cites as authority for its reversal the case of Boynton Beach State Bank v. Wythe, 126 So.2d 283 (Fla.App.2d 1961), wherein the Bank had a chattel mortgage on a trailer, which mortgage was personal against the president and secretary (husband and wife) of the Dealer Corporation. The trailer had been purchased by the Coles, individually, from their own dealer company, Cole Mobile Homes, Inc., and the chattel mortgage on the trailer was given ,by the Coles directly to the appellant Bank. This was an only single transaction with the Bank.
In the case sub judice, we have a different set of facts. The appellant held a floor plan mortgage on all of the trailers of Quality Mobile Homes, Inc., the retail dealer, and in addition thereto, after the first sale of the trailer in question by Quality, the appellant held the retain title contract against the first purchaser. After default, the appellant demanded that Quality repossess the trailer, which was done and the same placed on the retail sales lot of Quality, along with other trailers held for retail sale. After the second sale by *20 Quality (to the defendants), the appellant noticed, several months after the sale to the defendants, that the trailer was no longer on the lot, and demanded immediate payment therefor from Quality. — not from the appellees.
It is my opinion that the facts in the case sub judice throw this case within the rule of law laid down by the Supreme Court of Florida in the case of Motor Credit Corporation v. Woolverton, 99 So.2d 286 (Fla.1957), wherein the Supreme Court cited with approval Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, 25 A.L.R. 312 wherein we find this expression: “Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.”
Also, in disposing of the question of F.S. Section 319.22, F.S.A. (the title recording law), the court in Woolverton cited with approval Fogle v. General Credit, 1941, 74 App.D.C. 208, 122 F.2d 45, 49, 136 A.L.R. 814, wherein we find this language:
“ ‘But the statute is a bulwark, not a trap. The mortgagee is favored so long as he acts consistently with the statutory conditions. But when he goes further and either by his conduct prevents the purchaser from making the usual investigation or takes advantage of circumstances which he knows or reasonably should know would have this effect, he destroys the fotmdation upon which his own protection rests. He cannot throw the purchaser off guard concerning the protection which the statute gives to him and take advantage at the same time of what otherwise would or might have been discovered. Thus, if the mortgagee clothes the mortgagor with the indicia of ownership, or gives him authority to sell the property, or stands by in silence and watches the mortgagor deal with it as owner, he nullifies the effect of recording by his inconsistent representation.’
(Emphasis supplied.)
It is my opinion that the appellant had so clothed Quality Mobile Homes, Inc., its floor planned dealer, with implied authority to sell the property that appellant had nullified the effect of the recording of title and liens as required by the statute.
The contention of appellant that it had not authorized its dealer, Quality, to resell the trailer, is untenable in view of the fact that said trailer was placed on the sales lot and exposed to prospective purchasers without any “not for sale” or other indicia being shown to indicate to an unsuspecting public that said trailer was to be treated any differently from the other trailers. The fact that this was a used trailer, as distinguished from a new trailer, makes no difference when the same licensed dealer is offering both kinds for sale on the same lot.
For these reasons, I think the trial court was correct and the judgment appealed should be affirmed.