QUESTIONS: 1. Are two-way mobile radios installed in concrete mixer trucks, which are properly tagged vehicles, exempt from tangible personal property taxation? 2. Are all two-way mobile radios installed in properly tagged vehicles exempt from tangible personal property taxation?
SUMMARY: Two-way mobile radios installed in properly tagged vehicles, including concrete mixer trucks, are exempt from tangible personal property taxation as "household goods" and "personal effects" under s. 3(b), Art. VII, State Const., when such radios are used for personal purposes and not for commercial purposes by the owners. The answers to questions 1 and 2 are dependent upon the uses to which two-way mobile radios are put, as governed by the following discussion. In answering your questions I must first consider whether two-way mobile radios "become" part of the motor vehicles in which they are installed. If so, they may be deemed constitutionally exempt from taxation under the exemption granted to motor vehicles in s. 1(b), Art. VII, State Const. I am aware of no statute or reported case dealing specifically with this issue, but at least two approaches may be used to evaluate the status of installed equipment: A "fixture" approach and a "use" approach. The "fixture" approach relies upon the analogy of the common law of fixtures to realty, which requires a case-by-case analysis of the following factors to determine whether a particular item of equipment installed on a motor vehicle becomes part of the motor vehicle itself: Actual annexation to realty or actual annexation to an appurtenance of said realty; appropriateness to the use or to the purpose of that portion of the realty to which the particular item is annexed; intent of the party effecting the annexation that the particular item shall be a permanent annexation to the realty. Cf. Commercial Finance Co. v. Brooksville Hotel Co., 123 So. 814 (Fla. 1929); Wetjen v. Williamson, 196 So.2d 461 (1 D.C.A. Fla., 1967). The "use" approach relies on the legislative definition of "motor vehicle" in s. 320.01(1)(a), F. S., which defines "motor vehicle" as "[a]utomobiles, motorcycles, motor trucks, trailers, semitrailers, tractor-trailer combinations, and all other vehicles operated over the public streets and highways of this state and used as a means of transporting persons or property over the public steets and highways." (Emphasis supplied.) The commentary to s. 1(b), Art. VII, State Const., suggests that the Legislature has the power to define "motor vehicle" for purposes of the tax exemption. Thus, in order to qualify as tax-exempt property, the equipment must, at a minimum, serve the primary purpose of "transporting persons or property." This conclusion is consistent with that of AGO 050-144, March 23, 1950, Biennial Report of the Attorney General, 1949-1950, p. 363; AGO 056-314; and with case law interpreting the statute. See Forbes v. Bushnell Steel Const. Co., 76 So.2d 268 (Fla. 1954). Applying the three factors under the "fixture" approach, the Supreme Court of Florida determined that a refrigerating plant installed by the seller upon a concrete base and connected by necessary pipes did not lose its quality of personal property because the refrigerator was personal property at the time of contract execution; the refrigerator was referred to as a chattel in the contract; and a contract provision dealt with the possibility of the refrigerator's removal from the building in the event of default in payment. Commercial Finance Co. v. Brooksville Hotel Co., supra at 815. Applying the three-pronged test enumerated in the Commercial Finance Company case and until otherwise legislatively or judicially clarified, it is my opinion that two-way mobile radios installed in properly tagged vehicles do not become part of the motor vehicles and are therefore not exempt from tangible personal property taxation under s. 1(b), Art. VII, supra. Although the two-way radio may actually be affixed to the motor vehicle, it is not necessarily appropriate to the purpose for which the motor vehicle is used, i.e., transporting persons and property over the public highways; and it is not necessarily the intent of a buyer purchasing said radio to permanently affix the radio to a particular motor vehicle but to remove the radio and to place it in another vehicle when so desired. It should also be emphasized that a seller of a two-way mobile radio on a credit or installment basis would have little difficulty removing the equipment from the motor vehicle and repossessing said equipment should the purchaser default in payment. See Maas Bros., Inc. v. Guaranty Fed. Sav. Loan Ass'n,157 So.2d 528 (2 D.C.A. Fla., 1963); Fell v. Messeroff,145 So.2d 238 (3 D.C.A. Fla., 1962). Likewise, applying the use approach, until legislatively or judicially determined otherwise, it is my opinion that regardless of how two-way mobile radios are installed, said radios are not used primarily to transport persons or property over the public streets and highways and are therefore not exempt from tangible personal property taxation under s. 1(b), Art. VII, supra. A two-way mobile radio is a communications device. Notwithstanding the fact that the radio and the vehicle may be combined to accomplish a myriad of purposes, the radio itself cannot be considered to serve as a means of transportation or as an essential part of such a means. A two-way mobile radio is designed for purposes of communication and is not designed for purposes of transporting persons or property over the public highways. Such a conclusion is consistent with that reached by the Supreme Court of Florida in determining that motor vehicles which were designed exclusively for special nonhighway use and which were used in construction work were subject to ad valorem tangible personal property taxation. The court specifically stated: It seems to us that if we affirm the decree brought here for review the rule will have been established that any equipment mounted on wheels equipped with pneumatic tires that is capable of being self-propelled on the highways by means of a gasoline engine is a motor vehicle, and therefore immune from ad valorem taxation under our laws, even though the equipment is designed exclusively for construction work and is used for this purpose. [Forbes v. Bushnell Steel Const. Co., supra, at 269.] Therefore, in the absence of contrary authority, and until legislatively or judicially determined otherwise, it is my opinion that under both the "fixture" approach and the "use" approach, twoway mobile radios installed in properly tagged motor vehicles are not considered to be parts of the motor vehicles and are therefore subject to tangible personal property taxation, unless said radios are exempt from taxation under some other constitutional and/or statutory provision. Although your letter did not specifically ask whether two-way mobile radios installed in properly tagged motor vehicles could be exempt under other provisions of law, in the interest of treating the matter thoroughly I must consider whether said radios qualify for exemption from tangible personal property taxation as either "household goods" or "personal effects." The exemption for these forms of personalty is authorized by s. 3(b), Art. VII, State Const., and by s. 196.181, F. S. Said s. 196.181
reads: There shall be exempt from taxation to every person residing and making his or her permanent home in this state household goods and personal effects. Title to such household goods and personal effects may be held individually, by the entireties, jointly or in common with others. "Household goods" are defined in s. 192.001(11)(a), F. S., as: . . . wearing apparel, furniture, appliances, and other items ordinarily found in the home and used for the comfort of the owner and his family. Household goods are not held for commercial purposes or resale. In AGO 074-12 this office considered the tax status of items of personalty located in condominium garages, sheds, courtyards, patios, and other common areas of condominiums. Construing the two sections quoted above, I concluded that the "household goods" exemption extended to furniture, equipment providing comfort and accommodation to residents (including tools and hobby equipment), appliances, and furnishings located in those areas and not affixed to realty. In that opinion I specified that such items may be exempt even if physically separated from the home, so long as they are "ordinarily found in the home." This principle can be applied to support an exemption for two-way mobile radios in motor vehicles as "household goods," so long as they are of a type "ordinarily found in the home." See also AGO 065-19. Section196.181, F. S., also exempts "personal effects" from taxation. In AGO 065-19 this office construed the term as follows: The term personal effects is defined in Black's law dictionary as "articles associated with person, as property having a more or less intimate relation to person of possessor; `effects' meaning movable or chattel property of any kind." Personal effects is a term generally including such tangible property as is worn or carried about the person; effects movable or chattel property of any kind; goods and items of property having a more or less intimate relation to the person. Personal effects have been held to be personal property having a more or less intimate relation with person of the owner, such as wearing apparel, jewelry, baggage, silverware, etc. [Citations omitted.] In AGO 068-59 my predecessor construed "household goods" and "personal effects" together and stated: It appears to have been the intention of the legislature to exclude from the tangible personal property taxing laws of the state ". . . motor vehicles and household furnishings, wearing apparel, effects of the person [taxpayer] actually employed in the use of serving the creature comforts of the owner and not held for commercial purposes . . ." and thereby exempt such properties from ad valorem taxation. The term "creature comforts" used above is defined in the dictionaries as "things that give bodily comfort; food, clothing and shelter are creature comforts." (The World Book Encyclopedia Dictionary.) Webster's Dictionary defines the same term as "things, such as food and warmth, that promote physical comfort and satisfaction." A review of these definitions reveals a substantial overlap between the terms "household goods" and "personal effects." Both terms appear to encompass two-way mobile radios installed in, but not permanently affixed to, motor vehicles — provided that such radios are for personal and not for commercial use. When used in a noncommercial manner, such radios provide recreation and entertainment, and on occasion promote safety, in a manner no different from similar apparatus located inside the home. In fact, said radios are generally not permanently affixed to vehicles and may be removed for use in the home, where the exemption would clearly vest. The advent of popularly priced, portable two-way mobile radios suitable for installation in vehicles is a relatively recent phenomenon. The use of such radios for personal purposes may not have been within the contemplation of the Legislature at the time s. 196.181, F. S., was enacted. However, it would create an absurd and unfair result to limit the application of that section, thereby taxing these otherwise exempt items, simply because they are kept in the taxpayer's car rather than in his home. Further, it has been suggested that the intent of the framers in granting the "household goods" and "personal effects" exemption was to keep the costs of administering ad valorem taxation to a minimum. See AGO 068-59. To require taxation of the radios described above, when used for personal purposes, would raise difficult and costly tax enforcement problems. For these reasons I conclude that such radios are exempt from tangible personal property taxation when owned for personal use. When the two-way mobile radios you have described are used to further the commercial or pecuniary interests of the owner, however, this exemption cannot apply. The exemption for "household goods" and "personal effects" cannot be extended to include property of a commercial nature. Cf. City of Tarpon Springs v. Chrysostomides, 146 So. 845 (Fla. 1933). Since tangible personalty owned by commercial enterprises is normally taxed, the taxation of radios used by such enterprises presents no substantial administrative problems. I conclude that the use of two-way mobile radios as personal or commercial governs the tax status of said radios. For this reason I am unable to opine as to the taxability of a radio installed in a particular type of vehicle, although the use of the vehicle as personal or commercial would certainly raise a presumption as to the use of the radio. Therefore, a radio installed in a concrete mixer truck would presumably have a commercial use, although this presumption would be rebuttable by the taxpayer.